

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2003

# Wilson v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 03-1414

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Wilson v. Atty Gen USA" (2003). *2003 Decisions.* Paper 72.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/72

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed November 26, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1414

EVERALD WILSON,

*Appellant*

v.

JOHN ASHCROFT, UNITED STATES ATTORNEY
GENERAL; IMMIGRATION & NATURALIZATION SERVICE;
WARDEN OF YORK COUNTY PRISON, YORK, PA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Dist. Ct. No. 03-cv-00652)
District Judge: Honorable Stewart Dalzell

Submitted Under Third Circuit LAR 34.1(a)
September 16, 2003

Before: ALITO, AMBRO, and CHERTOFF, *Circuit Judges.*

(Filed November 26, 2003)

TATIANA S. ARISTOVA
1760 Market Street, Suite 1100
Philadelphia, PA 19103
*Attorney for Appellant*

PATRICK L. MEEHAN
United States Attorney
VIRGINIA A. GIBSON
Assistant United States Attorney,
 Chief, Civil Division
STEPHEN J. BRITT
SUSAN R. BECKER
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
*Attorneys for Appellee*

## OPINION OF THE COURT

CHERTOFF, *Circuit Judge.*

Appellant Everald Wilson, an alien under a final order of removal from the United States, appeals the denial of his application for injunctive relief and his habeas corpus petition seeking to bar both his removal and his custodial detention pending removal. Wilson argues that the Immigration and Naturalization Service ("INS," as it was then known) violated his due process rights by denying his application for an adjustment of immigration status without allowing him to seek a waiver of inadmissibility, and also by preventing him from appealing his order of removal. Wilson also urges that he should be released pending disposition of his case.

Wilson's removal was based on his conviction for possession of marijuana with intent to distribute, in violation of the laws of the State of New Jersey. He argues that despite this conviction, he is eligible for a waiver of inadmissibility and, also, could have successfully overturned INS's removal order. The resolution of this latter issue turns on the specifics of the crime to which he pled. If the state crime was either a state drug trafficking felony or the equivalent of a federal drug felony, then Wilson is not eligible for a waiver, and could not have blocked removal. Because the record is not completely clear, we will remand this case for further proceedings in the District Court.

## I.

Wilson is a native and citizen of Jamaica who entered the United States illegally in 1989. On November 17, 1995, Wilson pled guilty to violating N.J. Stat. Ann. § 2C:35-5b(11), a drug offense under New Jersey law entitled "Manufacturing, Distributing or Dispensing." The judgment of conviction indicates that Wilson pled guilty to "possession with intent to distribut[e]" more than one ounce (twenty eight grams) of marijuana. As a first-time offender, Wilson was sentenced to probation with a special condition that he serve forty days in county jail.

Wilson married a U.S. citizen in 1996, and he and his wife had two children. On August 27, 1997, Wilson applied to adjust his status to that of a lawful permanent resident pursuant to Section 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255. On December 5, 2000, INS notified Wilson that Section 212(a)(2)(C) of the INA rendered him inadmissible for permanent residence due to his 1995 drug conviction. The notice specifically informed Wilson that no waivers existed for inadmissibility predicated on that statutory provision.

In September of 2002, INS arrested Wilson and notified him that it intended to issue a final administrative removal order against him pursuant to 8 U.S.C. § 1228(b). The ensuing final removal order is dated October 5, 2002, but it was apparently not served on Wilson until November 12, 2002. INS sought to remove Wilson from the United States on January 31, 2003.

Wilson filed suit that same day seeking injunctive relief and a writ of habeas corpus. The District Court dismissed Wilson's habeas petition and denied injunctive relief on February 7, 2003. Wilson filed a timely notice of appeal.

## II.

This Court has jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Our review of the District Court's legal determinations is plenary, and we review the denial of injunctive relief for abuse of discretion.

Wilson first argues that—contrary to INS's December 5, 2000 notice—he was eligible for waiver of inadmissibility under 8 U.S.C. § 1182(h) and the INS violated his right to due process by summarily denying his application for adjustment of status without giving him the opportunity to pursue that waiver. Accordingly, he urged the District Court to enjoin his removal pending full adjudication of his claim for waiver of inadmissibility.

Wilson misreads the relevant statutory provisions. INS invoked Section 212(a)(2)(C) in rejecting Wilson's application for permanent residence.[1] Section 212(h), by its literal terms, does not provide a waiver for aliens found inadmissible under Section 212(a)(2)(C)[2]—Section 212(h) only allows for waiver, in certain prescribed circumstances, for individuals found inadmissible under Sections 212(a)(2)(A)(i)(I), (B), (D), and (E), as well individuals found inadmissible under Section 212(a)(2)(A)(i)(II) if their inadmissibility "relates to a single offense of simple possession of 30 grams or less of marijuana . . . ." 8 U.S.C. § 1182(h).

Moreover, even if Wilson's inadmissibility were to more properly fall under Section 212(a)(2)(A)(i)(II),[3] Wilson faces the additional insurmountable hurdle that—contrary to his wishful thinking—he was not convicted of simple

1. Section 212(a)(2)(C) denies admissibility to any alien who is or has been "an illicit trafficker in any . . . controlled substance . . . ." Section 212(a)(2)(A) defines "controlled substance" by incorporating 21 U.S.C. § 802, which classifies marijuana as such a substance.

2. As explained more fully below in our discussion of the definition of aggravated felony, 21 U.S.C. § 841(b)(4) creates an exception to felony treatment for individuals convicted of distribution of a small amount of marijuana without remuneration. Such individuals "shall be treated as provided in section 844" of Title 21, United States Code. Section 844 governs possession of unlawful drugs. We do not read section 841(b)(4) to literally convert gratuitous distribution of marijuana into "simple possession" as the term is used in INA section 1182(h). Rather, subsection (b)(4) says that such small time distributors shall be "treated as provided" in section 844.

3. Section 212(a)(2)(A)(i)(II) denies admissibility to any alien who violates any federal, state, or foreign law "relating to a controlled substance." 8 U.S.C. § 1182(a)(2)(A)(i)(II).

possession. Rather, he pled to possession with intent to distribute. The District Court was therefore correct to deny his application for injunctive relief on this basis.

Next, Wilson claims that INS's alleged misconduct—in particular, failing to serve him with his final removal order until after the thirty-day window for appeal had expired—violated his right to due process by preventing him from pursuing a meritorious appeal. INS's removal order specified that Wilson was deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) based upon his conviction for an "aggravated felony." Had he been able to file his appeal, Wilson contends, he would have demonstrated that his state crime of possession of marijuana with intent to distribute did not constitute an "aggravated felony" as the INA defines that term. *See* 8 U.S.C. § 1101(a)(43)(B). He therefore urged the District Court to grant his petition for habeas corpus and order INS to rescind his order of removal.

The District Court did not rule on Wilson's allegations of misconduct, but rejected his argument on the ground that any appeal would have been unavailing on the merits. This was correct because there would be no due process violation in the absence of prejudice.

Under 8 U.S.C. § 1252(a)(2)(C), this Court has limited jurisdiction to consider an appeal from a final order of removal against an alien convicted of an aggravated felony. *Drakes v. Zimski*, 240 F.3d 246 (3d Cir. 2001). In particular, once we determine that the state criminal statute fits the legal definition of aggravated felony, our review of an alien's deportability comes to an end. *Id.* at 247-48. Thus, if possession of marijuana with intent to distribute constitutes an aggravated felony, Wilson's loss of any appeal right is harmless.

In *Gerbier v. Holmes*, 280 F.3d 297 (3d Cir. 2002), we held that there are two "routes" to determine whether a state narcotics violation is an aggravated felony. First, a crime categorized as a felony under state law that involves drug "trafficking" is an aggravated felony ("route A"). Second, if a state drug violation, regardless of categorization, would be punishable as a felony under an

analogous federal statute, then it also constitutes an aggravated felony ("route B").

The District Court found that possession of marijuana with intent to distribute is an aggravated felony using the route B approach. The District Judge reasoned that N.J. Stat. Ann. § 2C:35-5b(11) criminalizes possession of at least one ounce (and less than five pounds) of marijuana with intent to manufacture, distribute, or dispense it. Wilson pled guilty and thereby admitted to possession with intent to distribute. The analogous federal criminal provision is 21 U.S.C. § 841(a)(1), which proscribes the identical conduct. The District Court found that the penalty for violating the federal statute under 21 U.S.C. § 841(b)(1)(D) is up to five years in prison, and it concluded that the crime to which Wilson pled is therefore analogous to a federal felony.

The matter is somewhat more complicated, however, because 21 U.S.C. §§ 841(b)(1)(D) and (b)(4) establish an exception. The exception provides that a person who violates Section 841(a) "by distributing a small amount of marihuana for no remuneration" shall be punished under the misdemeanor provisions of 21 U.S.C. § 844. Thus, gratuitous distribution of an undefined "small amount" of marijuana "without remuneration is not inherently a felony under federal law." *Steele v. Blackman*, 236 F.3d 130, 137 (3d Cir. 2001). Because the state statute under which Wilson pled guilty does not contain sale for remuneration as an element, we cannot determine from the state court judgment that Wilson's conviction necessarily entails a finding of remuneration.

In response to our request for a supplemental brief, the Government argued that Section 841(b)(4)'s "small amount" escape clause could not apply to the crime for which Wilson was convicted because Section 841(b)(4) applies to one who gratuitously *distributes* a small amount of marijuana, and not to one who merely *possesses* a small amount of marijuana with intent to gratuitously distribute it. Here, the Government asserts, Wilson was convicted of *possession* with intent to distribute and therefore would not fall within the escape clause of Section 841(b)(4).

This argument has a flawed premise. The statute under

which Wilson was convicted punishes both distribution and possession with intent to distribute. In evaluating whether a state violation is analogous to a federal felony, we look to the elements of the statutory state offense, not to the specific facts. We rely on "what the convicting court must necessarily have found to support the conviction and not to other conduct in which the defendant may have engaged in connection with the offense." *Steele*, 236 F.3d at 135; *accord Gerbier v. Holmes*, 280 F.3d at 313. Since the state statutory elements would be satisfied by proof of either distribution or possession with intent to distribute, we cannot draw the federal analogy by presuming that the statute only covers possession. For this reason, we decline the Government's invitation to explore the underlying record or plea allocation to determine the specific facts underlying Wilson's plea.[4]

We hold that the state conviction in this case cannot be analogized to a hypothetical federal felony under *Gerbier*'s route B approach. But Wilson may be guilty of an aggravated felony under the route A analysis. The District Court extensively discussed that possibility and indicated a strong likelihood that Wilson's conviction would satisfy the test for an aggravated felony under route A. District Ct. Op. 5-6 n.7. Nevertheless, because the District Court did not formally adopt that ruling, and because it did not have the benefit of our discussion of Section 841(b)(4) insofar as it may relate (if at all) to the route A approach, we think it premature for us to consider route A as an alternative ground to uphold the District Court's judgment. Instead, we will afford the District Judge an opportunity in the first

---

4. For this reason, as well, we need not decide the Government's interpretation of Section 841(b)(4) as applying only to small gratuitous distributions, but not to gratuitous possession with intent to distribute. The Government cites no case to support this interpretation, and it seems logically problematic—it is impossible to conceive of a case in which someone could distribute a drug but not, at least for an instant, actually or constructively possess the drug with intent to distribute. Thus, if the Government's view were correct, every defendant who fell under Section 841(b)(4) would also be excluded from it by virtue of the fact that he or she also necessarily possessed the marijuana in the act of distributing it.

instance to determine whether Wilson was convicted of an aggravated felony under route A.[5]

We will reverse the judgment of the District Court and remand for further proceedings in accordance with this decision.

A True Copy:
      Teste:

*Clerk of the United States Court of Appeals
for the Third Circuit*

---

5. At the time of the decision below, Wilson was still within the presumptive six-month period during which he can be held in detention without release. The District Court properly indicated that the immigration authorities need not, therefore, consider him for release. Since this appeal is decided at a time that is arguably beyond the six-month period, depending on how that term is calculated, the District Court may address the issue of release in the current posture of the case. *See Chi Thon Ngo*, 192 F.3d 390, 400-01 (3d Cir. 1999).