

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2004

# Noriega v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2899

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Noriega v. Atty Gen USA" (2004). *2004 Decisions.* Paper 470.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/470

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 03-2899

———————————

JOSE NORIEGA; ESTHER NORIEGA,

Petitioners

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES; BUREAU OF
CITIZENSHIP AND IMMIGRATION
SERVICES DISTRICT DIRECTOR,

Respondents

———————————

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Nos. A93-475-076/7)

———————————

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2004

Before: AMBRO, ALDISERT and STAPLETON, Circuit Judges

(Opinion filed July 22, 2004)

———————————

OPINION

———————————

AMBRO, *Circuit Judge*

Petitioners Jose Noriega and Esther Noriega appeal from the order of the Board of Immigration Appeals ("BIA") affirming the denial by an Immigration Judge ("IJ") of cancellation of removal because the Noriegas had not made a requisite showing of exceptional and extremely unusual hardship. Because we are statutorily precluded from reviewing discretionary decisions such as we have here, we must deny the Noriegas' petition for review.

## I.    Facts and Procedural Posture

The Noriegas are natives of Peru. Jose Noriega entered the United States in 1986 and Esther Noriega entered in 1988. In response to Notices to Appear issued by the Immigration and Nationalization Service ("INS")[1], the Noriegas appeared before an IJ in 2001 and admitted that they were removable under 8 U.S.C. § 1182(a)(6)(A)(i) for having entered the United States without inspection. They applied for relief from removal in the form of cancellation of removal under 8 U.S.C. § 1229b(b).

In July 2001 the IJ denied the Noriegas' application for cancellation, finding that they had not met the statutory requirement of showing an "exceptional and extremely unusual hardship" on a qualifying relative, in this case their ten-year old son Jonathan, who is a United States citizen. The IJ refused to admit untimely filed medical evidence

---

[1]Subsequent to the events in question here, INS ceased to exist as an agency within the Department of Justice and its enforcement functions were transferred to the Department of Homeland Security. Homeland Security Act of 2002, §§ 441, 471, Pub. L. No. 107-296, 116 Stat. 2135.

that would have corroborated the Noriegas' testimony that Jonathan suffers from asthma, but the IJ held that, even with the medical evidence, Jonathan's condition did not rise to the level of an exceptional and extremely unusual hardship. The IJ also found that the Noriegas' application failed in a second respect, in that they did not submit sufficient documentation to satisfy the ten-year continual physical presence requirement. The BIA affirmed the IJ's decision on appeal in June 2003 and the Noriegas petitioned for our review.

## II. Analysis

While we ordinarily have jurisdiction to review a final removal order under 8 U.S.C. § 1252(a), Congress has also provided that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General the authority for which is specified under this subchapter [8 U.S.C. §§ 1151–1378] to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B).

The Immigration and Nationality Act provides that the Attorney General (through his delegates, including the BIA and the IJ) may grant cancellation of removal to an alien who, among other requirements, establishes that removal would result in exceptional and extremely unusual hardship to a spouse, parent, or child who is a United States citizen. 8 U.S.C. § 1229b(b). Along with every federal appellate court that has considered the issue, we have expressly held that the decision whether an alien meets the exceptional and extremely unusual hardship requirement is a discretionary decision that, under § 1252(a)(2)(B), is ineligible for judicial review. *Mendez-Moranchel v. Ashcroft*, 338

3

F.3d 176, 179 (3d Cir. 2003). Consequently, we may not disturb the BIA's decision affirming the IJ's finding that the Noriegas did not satisfy the exceptional and extremely unusual hardship requirement.

The Noriegas also contend that the IJ's refusal to consider medical reports documenting Jonathan's asthma violated their due process rights to a full and fair hearing. But because the BIA incorporated the issue of the medical records' admissibility into its decision to affirm the IJ's exceptional and extremely unusual hardship decision, we do not view the constitutional claim as separate from the appeal of the discretionary determination that the Noriegas did not establish exceptional or extremely unusual hardship. Consequently, we are deprived of jurisdiction to consider the constitutional claim as well.[2]

Lastly, because the adverse exceptional and extremely unusual hardship finding must stand, the Noriegas would not prevail on their application for cancellation of removal even if we did overturn the IJ's finding that they had not satisfied the ten-year continuous physical presence requirement. Therefore, though we retain jurisdiction to review the IJ's findings on nondiscretionary factors, we need not evaluate the IJ's alternative basis for denying the Noriegas' application for cancellation of removal.

### III. Conclusion

---

[2]Moreover, we note that because the BIA affirmed the IJ's decision "even considering these late-filed documents," the Noriegas could not establish—even if we had jurisdiction—that they were prejudiced by the BIA's affirmance of the IJ's refusal to consider the medical reports, a necessary element of a due process claim. *See, e.g.*, *Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir. 2003).

Under 8 U.S.C. § 1252(a)(2)(B), we lack jurisdiction to review the IJ's discretionary finding that adverse exceptional and extremely unusual hardship did not exist here. As such, we shall dismiss for lack of jurisdiction the Noriegas' petition to review the BIA's affirmance of the IJ's denial of cancellation of removal.