

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-2004

# Espinoza-Cisneros v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3021

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Espinoza-Cisneros v. Atty Gen USA" (2004). *2004 Decisions.* Paper 223.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/223

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

Nos. 03-3021 & 03-4293

———

JUAN ESPINOZA-CISNEROS

Appellant

v.

JOHN ASHCROFT, ATTORNEY GENERAL

Appellee.

———

On petition for review of a final order
of the Board of Immigration Appeals
File No: A72-503-256

———

Submitted pursuant to Third Circuit LAR 34.1(a)
on September 28, 2004

Before: RENDELL, FUENTES,
and SMITH, *Circuit Judges*

(Filed:  October 18, 2004)

_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*.

Petitioner Juan Espinoza-Cisneros challenges two orders by the Board of Immigration Appeals ("BIA") denying his appeal and motion for reconsideration of an order of removal entered by the immigration judge. His primary contentions on appeal are that (1) the crime of reckless endangerment is not a crime involving moral turpitude for purposes of the Immigration and Nationalization Act ("INA"), and (2) he was entitled to a new hearing before the immigration judge ("IJ") for consideration of his application for adjustment of status. Because Petitioner failed to exhaust the first issue on appeal to the BIA, and because he shows no prejudice arising from the BIA's failure to remand his application for adjustment of status to an IJ, we will deny the petition.

I.

Espinoza-Cisneros, a citizen of Mexico, arrived in the United States in March 1998 without inspection. In December 2001, the Immigration and Naturalization Service[1] (INS) began removal proceedings through the issuance of a Notice to Appear. The INS alleged that Espinoza-Cisneros was removable because he was present without

---

[1]The INA was amended by the Homeland Security Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135, 2192, 2205 (Nov. 25, 2002), which, on March 1, 2003, transferred the functions of the INS to various bureaus, including the Bureau of Citizenship and Immigration Services within the Department of Homeland Security. *See generally* 1 Gordon, Mailman, & Yale-Loehr, *Immigration Law and Procedure* 1:SA1-1-2. The functions of the Executive Office for Immigration Review continue to reside in the Department of Justice, under the direction of the Attorney General. For ease of reference, this opinion refers to the agency as the INS.

having been admitted or paroled as provided in INA § 212(a)(6)(A)(I), 8 U.S.C. § 1182(a)(6)(A)(I). Espinoza-Cisneros admitted the allegations of the INS but sought relief in adjustment of status based on his marriage to a permanent resident.

The INS subsequently lodged another charge against Espinoza-Cisneros alleging that he had been convicted on November 5, 2001 in the Court of Common Pleas of Berks County Pennsylvania for reckless endangerment of his wife (then girlfriend) and their three-year old son. The INS further alleged that, as a result of that conviction, Espinoza-Cisneros was removable for having been convicted of a crime involving moral turpitude pursuant to INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I). The INS also offered evidence to the immigration judge that Espinoza-Cisneros was arrested seven times in the United States since 1994.

Espinoza-Cisneros then requested a continuance of his removal proceedings to allow the INS to adjudicate a family preference petition filed by his wife. The immigration judge rejected that request and ordered him removed to Mexico. On May 17, 2002, Espinoza-Cisneros filed an appeal of that request with the BIA.

On January 8, 2003, Espinoza-Cisneros filed a motion to remand with the BIA based on the intervening approval of the I-130 petition filed by his wife, claiming that her naturalization as a United States citizen rendered him eligible to apply for adjustment of status to permanent resident. The BIA dismissed Espinoza-Cisneros' appeal and denied his motion to remand. The BIA also denied Espinoza-Cisneros' subsequent

motion to reconsider the BIA's previous Order.

Espinoza-Cisneros then petitioned this Court. He argues that: first, his conviction for the crime of reckless endangerment does not render him removable because it was not a crime of moral turpitude; second, he is eligible for adjustment of status, which would prevent his removal, and; third, his right to due process of law was violated because he was denied a hearing before an immigration judge on his application for adjustment of status.

We conclude that because Espinoza-Cisneros did not earlier contest the IJ's finding that he was convicted of a crime of moral turpitude, and therefore failed to exhaust his administrative remedies, we are without jurisdiction to review the IJ's findings. We also hold that Espinoza-Cisneros has failed to show the prejudice requisite to a due process violation.

## II.

In this case, Petitioner argues first and foremost that the IJ erred in finding that the crime of reckless endangerment under Pennsylvania law constitutes a crime of moral turpitude under the INA. Specifically, he contends that reckless endangerment in Pennsylvania does not contain the elements of "evil intent" or "knowledge" that must be present in a statute to qualify it as a crime involving moral turpitude. He also claims that reckless endangerment does not amount to a crime of moral turpitude because the BIA itself has consistently held that moral turpitude does not lie in criminally reckless conduct.

4

The problem for Petitioner is that during his administrative appeal, he failed to challenge the immigrations judge's findings on the moral turpitude issue in either his appellate brief or notice of appeal. Generally, "a court may review a final order of removal only if ...the alien has exhausted all administrative remedies available to the alien as of right..." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). This statutory requirement is intended to insure that "the agency responsible for construing and applying the immigration laws and implementing regulations [] has had a full opportunity to consider a petitioner's claims before they are submitted for review by a federal court." *Theodoropoulos v. INS*, 358 F.3d 162, 171 (2d Cir 2004). The requirement compels Petitioner "to raise and exhaust his...remedies as to each claim or ground for relief if he...is to preserve the right of judicial review of that claim." *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003). There is no doubt that the issue of whether reckless endangerment constituted a crime of moral turpitude was squarely within the Board's competence and jurisdiction to review.[2]

Espinoza-Cisneros argues that this Court does not lack jurisdiction because, in his reading, the immigration judge failed to identify the crime of moral turpitude on which his decision rested. However, though the IJ pointed to a variety of criminal activity in

---

[2]When we apply the rule of exhaustion as a matter of discretion, we may review strictly legal questions of constitutional or statutory interpretation that do not implicate the special expertise of an administrative agency. *See Facchiano v. Dept. of Labor*, 859 F.2d 1163, 1167-68 (3d Cir. 1988). But when the exhaustion requirement is statutorily imposed, as is the case here, the legal question exception is unavailable. *Id*.

which Espinoza-Cisneros may have been involved, the immigration judge characterized only Espinoza-Cisneros' conviction for reckless endangerment as a crime of moral turpitude and specifically referred to it as justification for his decision to remove Espinoza-Cisneros notwithstanding the latter's pending I-130 application. *See* Oral Dec. of the Imm. Judge, at 1-2.

By not appealing the IJ's findings to the Board, Petitioner has failed to provide the Board with an opportunity to consider his claims and he has therefore failed to exhaust his administrative remedies. Accordingly, we are without jurisdiction to review this issue on appeal and therefore need not reach the other challenges to jurisdiction posed by Respondent, or Petitioner's arguments regarding his eligibility for adjustment of status.

III.

Espinoza-Cisneros also argues that the BIA's denial of his motion for remand deprived him of an opportunity to be heard on his application for adjustment of status and therefore violated his right to due process of law. In light of the full proceedings that had already taken place in connection with his earlier request for a continuance, Petitioner essentially claims that he was entitled to an entirely separate, second hearing before an immigration judge on his application for adjustment of status. We disagree. Due process entitles the Petitioner only to "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *see also Dia v. Ashcroft*, 353 F.3d 228, 239 (3d Cir. 2003). Petitioner has not shown that he

6

was denied such an opportunity.

Specifically, Petitioner has not explained why a second hearing before the IJ would have made any difference. *See Wilson v. Ashcroft*, 350 F.3d 377, 381(3d Cir. 2003) (observing that there is "no due process violation in the absence of prejudice"). Espinoza-Cisneros' own characterization of the proceedings before the BIA concedes that it explicitly weighed the equities for and against adjustment of status. *See* Pet. Br. at 26-27; BIA Dec. at 2.

Petitioner nevertheless insists that it was wrong for the BIA to presume that the immigration judge would reject his application. However, the immigration judge's position on Petitioner's application was abundantly clear. The BIA correctly noted that the immigration judge refused to continue removal proceedings in favor of Espinoza-Cisneros' wife's immediate relative petition, contrary to what the judge described as his normal practice, because he deemed Petitioner's record in the United States "abysmal." BIA Decision, at 1-2; Oral Dec. of the Imm. Judge, at 2. Petitioner has not pointed to any new evidence or arguments he would have made to the immigration judge upon remand. Therefore, Petitioner was not prejudiced by the BIA's refusal to remand Petitioner's motion for adjustment of status. *See Wilson*, 350 F. 3d at 381.

Petitioner's other arguments on appeal are without merit and require no further discussion. We note that Espinoza-Cisneros may yet re-enter the United States if he applies for and is granted a visa under the special exemption from immigration

limitations available to spouses of United States citizens and other "immediate relatives," INA § 201(b)(2)(A)(I), and is further granted a waiver of INA § 212(a)(9)(B)(i)(II) under INA § 212(a)(9)(B)(v). 8 U.S.C. § 1151(b)(2)(A)(I); § 1182(a)(9)(B). But for the foregoing reasons, this Court may not review the existing order for his removal.

We will deny the petition for review.