

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-19-2005

# Arboleda v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3303

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Arboleda v. Atty Gen USA" (2005). *2005 Decisions*. Paper 385.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/385

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3303

MONIQUE RUBIANO ARBOLEDA,

Petitioner

v.

*ALBERTO GONZALES, ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,

Respondent

*(Amended pursuant to Rule 43(c), Fed. R. App. Pro.)

ON PETITION FOR REVIEW OF ORDER OF THE
BOARD OF IMMIGRATION APPEALS

(No. A95-370-253)

Argued Monday, September 26, 2005

Before: ALITO, AMBRO, and LOURIE,* <u>Circuit</u> <u>Judges</u>.

(Filed: October 19, 2005)

---

\* Honorable Alan D. Lourie, Circuit Judge for the United States Court of
Appeals for the Federal Circuit, sitting by designation.

Jeffrey C. Bloom,
36-09 Main Street, # 10A
Flushing, NY 11354

Francois-Ihor Mazur (argued)
2207 Chestnut Street
Philadelphia, PA 19103

*Attorneys for Petitioner*

Linda S. Wernery
William C. Minick
Maria M. Mlynar
Sarah Maloney (argued)
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Respondent*

_____

OPINION OF THE COURT
_____

PER CURIAM:

Monique Rubiano Arboleda, a native and citizen of Colombia, seeks review

of a decision by the Board of Immigration Appeals ("the BIA").  The BIA rejected

Arboleda's claim that the Immigration Judge ("the IJ") violated her rights under the Due

Process Clause of the Fifth Amendment.  The BIA also affirmed, with modification, the

IJ's decision denying Arboleda's requests for asylum, withholding of removal, protection

under the Convention Against Torture ("CAT"), and voluntary departure.  Arboleda

2

appealed. We hold that no due process violation occurred, but because the basis for the modified affirmance is unclear, we remand for clarification.

## I.

Because the Court writes for the parties and the BIA only, we briefly summarize the facts. Arboleda claims that she fled from political persecution inflicted by a non-governmental organization in Colombia. Arboleda filed a motion to adjourn her hearing so that she could obtain more evidence, but the IJ denied the motion. The IJ found that Arboleda's testimony was "clearly a fabrication," and expressed the belief that Arboleda had come to the United States solely for personal reasons. AR at 51. The IJ further concluded that Arboleda had not shown that the Colombian government was "unable or unwilling" to protect her from persecution.

Before the BIA, Arboleda challenged the adverse credibility determination, alleged that her due process rights were violated by denial of her motion to adjourn, and alleged that the IJ had committed numerous irregularities during the hearing, such as calling Arboleda a liar during her testimony, turning the tape recorder on and off, and speaking directly to Arboleda in Spanish off the record. The BIA refused to consider most of Arboleda's due process allegations because they were neither in the record nor supported by affidavits. AR at 3–4. The BIA held that the few observable instances of hostility by the IJ did not amount to a due process violation. Id. The BIA affirmed the IJ's denial of Arboleda's requests for withholding of removal, asylum, and CAT

3

protection, but the BIA commented as follows: "We do not adopt the Immigration Judge's repeated suggestions that the respondent's testimony was necessisarily fabricated." AR at 2.

## II.

Aliens facing removal have certain due process rights. See Sewak v. INS, 900 F.2d 667, 671 (3d Cir. 1990); see also Bridges v. Wixon, 326 U.S. 135, 154 (1945) (deportation proceedings involving aliens must meet "essential standards of fairness"). The requirements of due process "depend[] on the circumstances of the particular situation." Dia v. Ashcroft, 353 F.3d 228, 239 (3d Cir. 2003) (en banc) (quoting Marincas v. Lewis, 92 F.3d 195, 203 (3d Cir. 1996)). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001) (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976)).

Although we do not take Arboleda's allegations lightly, the record does not reflect most of the irregularities that Arboleda claims occurred at the hearing. Arboleda failed to place the irregularities in the record by registering an objection, and she did not even submit an affidavit on appeal to show that such irregularities occurred. See AR at 3–4; Abdulai, 239 F.3d at 550 (stating that the alien has the burden of proving irregularity). Arboleda concedes that the few instances of hostility that are evident do not, by themselves, amount to a due process violation.

4

Because the BIA did not address the IJ's denial of Arboleda's motion to adjourn, the Court reviews the IJ's decision directly. Miah v. Ashcroft, 346 F.3d 434, 439 (3d Cir. 2003). The denial of a motion to adjourn is reviewed for abuse of discretion. Ponce-Leiva v. Ashcroft, 331 F.3d 369, 376–77 (3d Cir. 2003) (denial of motion to continue is reviewed for abuse of discretion). The IJ acted within her discretion in concluding that the evidence Arboleda hoped to obtain might not exist, and that Arboleda had time to obtain it during the previous continuance. Further, Arboleda has not shown that additional testimony would have included more convincing information. See Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003) (there is "no due process violation in the absence of prejudice"). Accordingly, we deny the petition in part as it relates to the BIA's order dismissing Arboleda's claim that her due process rights were violated.

### III.

The degree to which the BIA rejected the IJ's credibility finding is unclear from the BIA's statement that it refused to adopt the IJ's suggestions that Arboleda's testimony was "necessarily fabricated." Perhaps a distinction can be drawn between testimony that is unbelievable and testimony that is "necessarily fabricated," but without an explanation from the BIA, we are unsure that the BIA meant to draw such a distinction. Because the IJ rejected Arboleda's requests for relief almost entirely based on her adverse credibility determination, the basis of the BIA's affirmance is uncertain. Therefore, we vacate the BIA's order in part and remand for the BIA to clarify the basis

5

for its decision with respect to the IJ's rejection of Arboleda's requests for relief.  See

Zhu v. Ashcroft, 382 F.3d 521, 527 (5th Cir. 2004) (remanding for clarification).  Of

course, we express no opinion on the merits of this portion of Arboleda's appeal.

**IV.**

For the reasons given above, we grant the petition in part, vacate the BIA's

order in part, and remand for further proceedings consistent with this opinion.