

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2008

# Allicock v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1679

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Allicock v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1707.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1707

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1679
_____

HERBERT LEVON ALLICOCK,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A42 672 979)
Immigration Judge: Alberto Riefkohl
_____

Submitted under Third Circuit LAR 34.1(a)
September 25, 2007

Before:  BARRY, CHAGARES AND ROTH, <u>CIRCUIT JUDGES</u>

(Opinion filed January 24, 2008)

_____

O P I N I O N
_____

**PER CURIAM**

Herbert Levon Allicock petitions for review of an order of the Board of Immigration Appeals (BIA), dismissing his appeal from the final removal order of an Immigration Judge (IJ). We will deny the petition.

Allicock, a native and citizen of Guyana, entered the United States as an immigrant in 1990. In 2002, he was convicted of possession with intent to distribute over 25 pounds of marijuana in violation of New Jersey Statutes Annotated (N.J. Stat. Ann.) § 2C:35-5a(1) and b(10); and of eluding a police officer in violation of N.J. Stat. Ann. § 2C:29-2b. As a result of the convictions, Allicock was served with a Notice to Appear, charging him with being removable for having committed an aggravated felony as defined in the Immigration and Nationality Act (INA) § 101(a)(43)(B) (illicit trafficking in a controlled substance); for having committed a controlled substance violation; and for having committed an aggravated felony as defined in INA § 101(a)(43)(F) (crime of violence).

Allicock, proceeding without an attorney, conceded that he had been convicted as charged, but argued that his "eluding" conviction did not constitute a crime of violence, and that his convictions were not final.[1] The IJ determined that his convictions were final, and denied Allicock's motion to terminate proceedings. A.R. 115. On appeal to the BIA,

---

[1] Allicock also applied for asylum and protection under the Convention Against Torture (CAT). The Immigration Judge (IJ) found that he was not eligible for asylum because of his conviction, and found that he had not shown that he was likely to be tortured in Guyana. Allicock did not appeal those determinations to the BIA and does not raise issues regarding asylum or CAT relief here.

Allicock again argued that his "eluding" conviction did not constitute a crime of violence, and that his convictions were not final. The BIA held that the IJ did not find him removable on the basis of the "eluding" conviction,[2] but only on the basis of his controlled substance violation, agreed that his convictions were final, and agreed that he was removable on the basis of his controlled substance violation.

In his brief, Allicock raises two issues: (1) that his controlled substance violation is not an aggravated felony, and (2) that the IJ prejudged his case. As the Government notes, pursuant to 8 U.S.C. § 1252(d)(1), this Court may only review a final order of removal if "the alien has exhausted all administrative remedies available to the alien as of right." Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) (alien is required to raise and exhaust remedies as to each claim or ground for relief to preserve right of judicial review). Allicock did not present either of the two issues listed above at any level of the administrative proceedings. Thus, we are without jurisdiction to review his claims.[3]

For the foregoing reasons, we will **deny** the petition.

---

[2] We agree with the Government that this holding is puzzling, but because the BIA considered only Allicock's controlled substance violation in considering whether he was removable, the issue of whether Allicock's "eluding" conviction constitutes a crime of violence is moot.

[3] If we had jurisdiction to consider the issue, we would find that Allicock's controlled substance conviction is an aggravated felony, as it would be punishable as a felony under the Controlled Substances Act. See 21 U.S.C. § 841(b)(1)(D); Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003). The exception found at § 841(b)(4), which provides that "distributing a small amount of marihuana for no remuneration" is punishable as a misdemeanor, is not applicable, as 25 pounds of marijuana is not, under any interpretation, a "small amount" of marijuana.