OPINION
PER CURIAM.
Petitioner Marc David Cadet seeks review of a final order of removal. For the reasons that follow, we will dismiss the petition for review for lack of jurisdiction.
I.
Cadet is a native and citizen of Haiti. He entered the United States in August 1993, at age six, and became a lawful permanent resident. In March 2007, Cadet was convicted in the New Jersey Superior Court of possessing with intent to distribute less than one-half ounce of cocaine and heroin in violation of N.J. Stat. Ann. § 2C:35 — 5(b)(3). He was sentenced to two years probation, conditioned on his serving 364 days of imprisonment. DHS served Cadet with a Notice to Appear in April 2008.
An Immigration Judge (“IJ”) determined that Cadet’s conviction constituted an “aggravated felony” and, thus, that Cadet was ineligible for his requested relief: cancellation of removal. The Board of Immigration Appeals (“BIA”) affirmed. In addition to its agreement with the IJ’s aggravated felony determination, the BIA held that “[t]he exception under 21 U.S.C. 841(b)(4) for possession of small amounts of marijuana distributed without remuneration, for which [Cadet] relies on appeal, is not applicable because his conviction involves heroin and/or cocaine rather than marijuana.” (A.R.2.) The BIA also held that Cadet’s conviction rendered him ineligible for withholding of removal, and that he had “provided no indication on appeal that he seeks or could qualify for” deferral of removal under the Convention Against Torture (“CAT”). (A.R.2.) Cadet filed this petition for review.
*275 II.
Our jurisdiction to review final orders of removal is governed by 8 U.S.C. § 1252(a). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir.2001). As stated above, the Attorney General has concluded that Cadet’s state criminal conviction constitutes an aggravated felony. We have limited jurisdiction in these circumstances: “once we determine that the state criminal statute fits the legal definition of aggravated felony, our review of an alien’s deportability comes to an end.” Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir.2003); see 8 U.S.C. § 1252(a)(2)(D) (preserving judicial review of constitutional claims and questions of law). Our review in making that determination is de novo. See Evanson v. Att’y Gen., 550 F.3d 284, 288 (3d Cir.2008)
III.
We conclude that Cadet’s New Jersey conviction constitutes an aggravated felony using the hypothetical federal felony approach. “Under the hypothetical federal felony route, we compare the offense of conviction to the federal Controlled Substances Act to determine if it is analogous to an offense under that Act.” Id. at 289. In doing so, we presumptively apply the “formal categorical approach” from Taylor v. United States, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), looking only to the statutory definition of the prior conviction and not its underlying facts. Garcia v. Att’y Gen., 462 F.3d 287, 291 (3d Cir.2006).
We have already recognized that N.J. Stat. Ann. § 2C:35-5(a) generally proscribes the same conduct as its federal analog: 21 U.S.C. § 841(a). See Wilson, 350 F.3d at 381. The specific provision under which Cadet was convicted criminalizes the manufacture, distribution and dispensation of less than one-half ounce of cocaine and heroin, as well as the possession of those substances if there is intent to perform any of the aforesaid acts. See N.J. Stat. Ann. § 2C:35-5(b). Similarly, the Controlled Substances Act (“CSA”) makes it a crime to “manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.” 21 U.S.C. § 841(a)(1). And both heroin and cocaine are “controlled substances” under the CSA. See 21 U.S.C. § 802(6); 21 U.S.C. §§ 812(c)(Sched.I)(b)(l) and 812(c)(Sched.II)(a)(4).
Finally, the conduct proscribed by the New Jersey law is punishable by more than one year of imprisonment under the CSA. See 21 U.S.C. § 841(b)(1)(C). Therefore, Cadet’s conviction, upon which his removability is predicated, constitutes an aggravated felony. See 8 U.S.C. § 1101(a)(43)(B) (“The term ‘aggravated felony’ means ... illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)”); Gerbier v. Holmes, 280 F.3d 297, 301 (3d Cir.2002) (“drug trafficking crime” is defined as any felony punishable under the CSA).
Accordingly, we will dismiss the petition for review for lack of jurisdiction. See 8 U.S.C. § 1252(a)(2)(C).