**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3558
_____

ANTHONY HEWITT,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A030-114-876)
Immigration Judge: Mirlande Tadal
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 3, 2017

Before: GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed: April 14, 2017)
_____

OPINION*
_____

PER CURIAM

Anthony Hewitt petitions for review of the Board of Immigration Appeals' final

order of removal.  For the reasons that follow, we will deny the petition for review.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Hewitt, a lawful permanent resident of the United States since 1973, was convicted in 2010 in the Superior Court of New Jersey, Burlington County, of manufacturing and distributing marijuana equal to or in excess of 5 pounds, in violation of N.J. Stat. Ann. § 2C:35-5(a)(1) and (b)(10), possession of marijuana in excess of 50 grams, in violation of § 2C:35-10(a)(3), and conspiracy to manufacture and distribute, in violation of § 2C:5-2 and § 2C:35-5(a)(1). Hewitt was sentenced to a term of imprisonment of 16 years on the first count, according to the criminal judgment, A.R. 547.[1] The Department of Homeland Security successfully sought his removal on the basis of these convictions, and Hewitt did not dispute in Immigration Court that he is removable under Immigration & Nationality Act ("INA") § 237(a)(2)(A)(iii), for having committed a drug trafficking offense as defined by INA § 101(a)(43)(B); and INA § 237(a)(2)(B)(i), for having been convicted of an offense relating to a controlled substance other than a single offense for possession of 30 grams or less of marijuana.

Hewitt applied primarily for deferral of removal under the Convention Against Torture. He testified about several loving relationships with men, and contended that he would be physically harmed, perhaps even murdered, in Jamaica on account of his bisexuality because the Jamaican government is unable to control the violent homophobia that persists in certain parts of the population. He testified that he remembered one incident where a gay man was tied to a light post and beaten to death by the crowd. The Immigration Judge denied relief and ordered Hewitt's removal to Jamaica. The IJ reviewed Hewitt's history of relationships with men and impliedly accepted as credible his testimony that he is bisexual, but determined that Hewitt failed in his burden of proof

_____

[1] Counts 2 and 3 were merged with Count 1 for sentencing, id.

to show that he would be tortured in Jamaica on account of his sexual affinity for men. The IJ credited Hewitt's country conditions evidence concerning the mistreatment of gay people in Jamaica, but reasoned, citing for authority our decision in Valdiviezo v. Att'y Gen. of U.S., 663 F.3d 582, 592 (3d Cir. 2011), that his evidence of conditions in general did not establish the required likelihood that he in particular would be singled out and harmed. The IJ found that, although Hewitt claimed that people in Jamaica would know that he is bisexual, he had never actually been harmed in Jamaica, and no one beyond his immediate family knows that he is bisexual.

Hewitt appealed to the Board of Immigration Appeals. He contended that his hearing was fundamentally unfair because his counsel did not notify him about the need to timely present his witnesses, and that there is a pattern and practice of persecution of homosexual men by the Jamaican government.

In a decision dated August 25, 2016, the Board dismissed the appeal, noting first that Hewitt did not challenge the basis for his removal. The Board further noted that, as an alien convicted of an aggravated felony, he was ineligible for asylum, see 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i). Moreover, the Board concluded, his conviction was a "particularly serious crime" due to the length of his sentence, which rendered him ineligible for withholding of removal under both the statute, 8 U.S.C. § 1231(b)(3)(B) ("[A]n alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime."), and the CAT, 8 C.F.R. §§ 1208.16(d)(2) & 1208.17(a). The Board determined that Hewitt had not cogently challenged his lack of eligibility for these forms of relief, and held that thus any challenge

3

to ineligibility was waived.  The Board further concluded that, even if the issue were not waived, upon *de novo* review, Hewitt had not established statutory eligibility for asylum or either form of withholding of removal.

The Board then affirmed the IJ's denial of deferral of removal under the CAT, concluding that there was no clear error in the IJ's findings of fact, and reasoning that Hewitt's torture claim was based on speculation.  The Board explained that, notwithstanding that there is mistreatment of gays and bisexuals in Jamaica, Hewitt had never been threatened or harmed in Jamaica and no one beyond his immediate family knows that he is bisexual.  The Board rejected Hewitt's argument that his counsel's alleged malfeasance resulted in a due process violation, determining that he had failed to comply with the procedural requirements for bringing such a claim, see Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), did not provide cogent reasons for failing to do so, and, in any event, did not show persuasively that he was prejudiced in any significant or dispositive way by counsel's alleged malfeasance.  Last, the Board rejected Hewitt's vague and unsupported argument that the IJ was biased and that the proceedings were unfair.

Hewitt has timely petitioned for review.  We generally have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1), but where the petitioner's removal order is based on a conviction for a controlled substance offense or aggravated felony, review is limited to colorable constitutional claims and questions of law.  See 8 U.S.C. § 1252(a)(2)(C)-(D); Green v. Att'y Gen. of U.S., 694 F.3d 503, 506 (3d Cir. 2012).  Hewitt moved for a stay of removal, a motion we denied on September 23, 2016.  His "Petition for an Emergency Stay of Removal," filed after we denied his stay motion, has been treated as his pro se

4

brief. In it he argues that the agency erred in denying him deferral of removal. Specifically, he argues that the IJ improperly discredited two letters he submitted from an individual known only as "Dark Sugar," and failed to take into consideration that his sister told him that another of his lovers had been "lynched" on account of his sexual orientation, after being deported to Jamaica in 2010. He also argues, as he did before the Board, that his right to due process was violated by his counsel's failure to adequately prepare and present his case. He further argues that § 2C:35-5(a)(1) is not generically a trafficking offense, and he argues, as he did before the Board, that there is a pattern and practice of persecution of homosexual men by the Jamaican government.

We will deny the petition for review. With respect to Hewitt's argument that § 2C:35-5(a)(1) is not generically a trafficking offense and thus that the agency erred in finding him removable, the Attorney General has urged us to deem the issue unexhausted and forfeited because Hewitt conceded removability in Immigration Court and did not pursue this specific question of law before the Board. Since the Board's determination that Hewitt was statutorily ineligible for asylum rests upon an assumption that his conviction for manufacturing and distributing marijuana equal to or in excess of 5 pounds is an aggravated felony, we will consider Hewitt's contention. Hewitt was convicted under N.J. Stat. Ann. § 2C:35–5(a)(1), which provides that it is unlawful "[t]o manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog[.]" A state offense constitutes an aggravated felony for immigration purposes only if it proscribes conduct punishable as a felony under the Controlled Substances Act (i.e., imprisonment for more than a year). See Moncrieffe v. Holder, 133

5

S.Ct. 1678, 1685 (2013). The statute Hewitt was convicted under "proscribes the identical conduct" as 21 U.S.C. § 841(a)(1), which makes it unlawful "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir.2003). Although § 2C:35–5(a)(1) is not categorically an aggravated felony because it also includes possession with intent to distribute marijuana, and distribution of a "small amount" of marijuana for no remuneration is only a federal misdemeanor, see 21 U.S.C. § 841(b)(4), that exception is not at issue here, and Hewitt does not argue otherwise. The Board properly concluded that Hewitt's conviction is an aggravated felony that precludes asylum. We also agree with the Board that the length of Hewitt's sentence renders him ineligible for both forms of withholding of removal.

With respect to Hewitt's application for deferral of removal under the CAT, the agency did not commit legal error in concluding that he failed to show that it was more likely than not that he would be tortured in Jamaica on account of his bisexuality. See 8 C.F.R. § 1208.16(c)(2).[2] "Torture" consists of the intentional infliction of "severe pain or suffering . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). An alien need not show that the government possesses actual knowledge of torturous conduct; rather, he can establish governmental acquiescence to torture by demonstrating that the government is willfully blind to the perpetrator's activities. Silva-Rengifo v. Att'y Gen. of U.S., 473 F.3d 58, 69 (3d Cir. 2007).

---

[2] Hewitt's pattern or practice of *persecution* argument is irrelevant in assessing eligibility for protection under the CAT, id.

6

Here, the agency determined that Hewitt's evidence was insufficient to show that he would be harmed in Jamaica, because he had not previously been harmed and because no one beyond his immediate family knows that he is bisexual. Hewitt argues that the IJ erred in the weight given to the evidence, but he does not raise a question of law with respect to this determination. Kaplun v. Att'y Gen. of U.S., 602 F.3d 260, 271 (3d Cir. 2010) (holding that question of likelihood of torture is a mixed one, comprised of factual component ("what is likely to happen to the petitioner if removed") and legal one ("does what is likely to happen amount to the legal definition of torture"). We see no reviewable error in the conclusion that the evidence was insufficient to establish eligibility for CAT relief. The IJ did not overlook or improperly fail to consider authentic and material evidence, see Sukwanputra v. Gonzales, 434 F.3d 627, 636 (3d Cir. 2006). The IJ properly declined to give any weight to two letters from "Dark Sugar," because they did not contain a date, an address, or the legal name of the writer. In any event, these two letters were merely cumulative of other evidence tending to show that Hewitt had loving relationships with men and that homophobia persists in Jamaica, A.R. 122-23, which the IJ accepted as true.

Last, Hewitt argues that the assistance he received from his counsel caused a due process violation. Specifically, he argues that his family members were not given the opportunity to address the IJ. A due process claim based on an allegation of ineffective assistance of counsel must meet certain procedural requirements. See Lu v. Ashcroft, 259 F.3d 127, 132 (3d Cir. 2001). The alien (1) must support the claim with an affidavit that sets forth in detail the agreement that was entered into with former counsel with respect to the actions to be taken on appeal and what counsel did or did not represent to

7

the petitioner in this regard; (2) must inform former counsel of the allegations and provide counsel with the opportunity to respond, and this response should be submitted with the motion alleging ineffective assistance, and (3) must state whether a complaint has been filed with appropriate disciplinary authorities, and if not, why not. Lu, 259 F.3d at 132 (citing Lozada, 19 I. & N. Dec. at 639). Strict compliance with the requirements may be excused where the alien provides a reasonable explanation for his failure to comply, Lu, 259 F.3d at 134, but Hewitt offers no explanation whatever for his failure, and that by itself is fatal to his petition for review.

In any event, like the Board, we also are not persuaded that Hewitt showed that there is a reasonable likelihood that the result would have different had his family members testified. See Fadiga v. Att'y Gen. of U.S., 488 F.3d 142, 159 (3d Cir. 2007). Hewitt submitted with his application, and the IJ considered, a letter from his daughter Jazzel N. Hewitt, in which she expressed loving concern for him and stated that Jamaican culture "does not accept homosexuality in any aspect…. I have so much anxiety seeing videos of the riots and crowds going after the 'public homosexual' and the torture and death being reported." A.R. 120. This letter from a family member tends to show only that homophobia persists in Jamaica, which the IJ accepted as true.

For the foregoing reasons, we will deny the petition for review.

8