**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1753
_____

KAREEM HASSAN MILLHOUSE,
Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 18-cv-02444)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2019
Before:  MCKEE, COWEN and RENDELL, Circuit Judges

(Opinion filed: August 21, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Kareem Millhouse appeals the decision of the United States District Court for the Middle District of Pennsylvania denying his habeas petition filed pursuant to 28 U.S.C. § 2241. We will affirm.

Millhouse is an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). While incarcerated at USP McCreary in Kentucky, Millhouse was charged with a Code 104 violation for possession of a weapon. The written charge was issued to Millhouse after a prison officer responded to an inmate's medical emergency in Housing Unit 5B, cell 112. After the afflicted inmate was removed from the cell, the officer conducted a cell search for any drug-related items that might have contributed to the medical emergency; the officer found a homemade weapon hidden inside a slit near the middle of the mattress facing the wall side. The officer determined that the afflicted inmate did not live in that cell but that "Rodney" Millhouse, identified by his inmate number, was the sole occupant of cell 112.

At a hearing before a Disciplinary Hearing Officer ("DHO"), Millhouse stated that the weapon was not his and noted the other inmate's presence in his cell. He also stated that he had received the mattress two weeks earlier. The DHO considered the evidence, including Millhouse's statements, the incident report, the written statement by the officer who discovered the weapon, and a photograph of the weapon. Millhouse had requested before the hearing that surveillance video be reviewed. The DHO did not personally view the footage but noted another officer's findings that the footage was inconclusive because it did not show the cell's interior. The DHO found that Millhouse had possessed

2

the weapon, constructively, in his assigned cell, explaining that Millhouse had the most control over his cell's contents as the sole occupant. Further, the DHO rejected the suggestion that the inmate with the medical emergency might have put the weapon there, finding that it did not seem reasonable that someone in that condition would have been able to hide the weapon where it was found. The DHO sanctioned Millhouse with forfeiture of forty-one days of good conduct time, fourteen days of disciplinary segregation, and three months loss of commissary privilege. Millhouse's administrative appeals were unsuccessful.

Millhouse then filed his § 2241 habeas petition, claiming due process violations in his disciplinary proceedings concerning (1) the failure to provide twenty-four hours' notice of the charge against him; (2) the failure to provide a copy of the incident report within twenty-four hours of the incident; (3) the DHO's failure to review the camera surveillance footage, as requested; and (4) the DHO's reliance on an inaccurate incident report, in that it misstated Millhouse's first name as "Rodney" in the portion of the report describing the incident. Millhouse also argued that the DHO's decision was incorrect because Millhouse was innocent of the charge brought against him. As relief, Millhouse sought restoration of his good conduct time and removal of the incident report from his record. After reviewing the parties' submissions, the District Court denied the habeas petition.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). We review the District Court's denial of habeas corpus relief de

3

novo, but we review factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

Federal prisoners have a liberty interest in statutory good time credits. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). See also 18 U.S.C. § 3624(b)(1); Vega, 493 F.3d at 317 n.4. Thus, a prison disciplinary hearing that may result in the loss of good conduct time must provide the following minimum due process safeguards, in a proceeding before an impartial decision-making body: (1) at least twenty-four hours of advance written notice of the charges; (2) an opportunity to call witnesses and present documentary evidence; (3) assistance from an inmate representative if the charge involves complex issues or if the prisoner is illiterate; and (4) a written decision explaining the evidence relied upon and the reasons for the disciplinary action. See Wolff, 418 U.S. at 563-67. Further, the disciplinary decision must be supported by "some evidence" in the record. See Superintendent v. Hill, 472 U.S. 445, 455 (1985).

There appears to be no dispute that Millhouse received due process in accordance with Wolff in that he was provided with the incident report several days in advance of the DHO hearing, the opportunity to present witnesses and evidence, the opportunity to have inmate representation, and a written decision containing the reasons for the decision. In support of his due process argument, Millhouse merely repeats his allegations of other errors, including that the Warden failed to provide a copy of the incident report within twenty-four hours of the February 27, 2018 incident itself. The incident report was provided to Millhouse on March 1, 2018, with the notation that it had been suspended

4

pending FBI referral for possible prosecution. Under the Federal Bureau of Prisons'
codification of its disciplinary procedures at 28 C.F.R. § 541, et seq., an inmate
"ordinarily" receives the incident report within twenty-four hours of when prison staff
becomes aware of the incident. See 28 C.F.R. § 541.5(a). But the regulations do not
mandate that timing, and neither does Wolff. The DHO explained the reason for the
delay and concluded that Millhouse's ability to defend against the charge at the hearing,
which was held on March 6, 2018, had not been hindered. Millhouse does not argue that
he was prejudiced by the delay to support a due process claim. See Wilson v. Ashcroft,
350 F.3d 377, 381 (3d Cir. 2003) (holding, in the immigration context, that "there would
be no due process violation in the absence of prejudice").

Millhouse also restates his argument that he did not receive adequate advance
notice of the charge on which the DHO found him guilty. Specifically, he argued that he
was charged with a Code 104 possession of a weapon violation but was found guilty of
constructive possession, asserting that no such Code violation exists. However, the DHO
found him guilty of Code 104 possession of a weapon based on a theory of constructive
possession. That is, Millhouse was charged with and found guilty of a Code 104
violation, and therefore, there is no defect in notice. Cf. Denny v. Schultz, 708 F.3d 140,
145-47 (3d Cir. 2013) (upholding application of the constructive possession theory in
prison disciplinary proceedings).

To the extent that Millhouse argues that the evidence was insufficient to support
the DHO's findings without the DHO's personal viewing of the requested camera

5

footage, the argument has no merit. The DHO's decision, quoted in pertinent part in the District Court's memorandum, meets the due process requirement of being supported by "some evidence in the record" under Hill. See District Court Mar. 26, 2019 Mem. at 10-11. Millhouse asserts his innocence of the charge and that Hill does not apply to him, but we reject this argument. The District Court was correct to apply Hill in evaluating Millhouse's due process claims concerning his prison disciplinary proceedings. This standard is minimal and "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. Rather, the relevant inquiry "is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. The evidence here included a photograph of the weapon, the reporting officer's written statement detailing the situation concerning the other inmate with the medical emergency, the reason for the random (unannounced) cell search, the manner in which the weapon had been concealed, a detailed description of the homemade weapon, and the circumstance of Millhouse being the sole occupant of the cell. We agree with the District Court's conclusion that the evidence was sufficient to support the DHO's decision. See Denny, 708 F.3d at 145 (explaining that a reviewing court "need only find that the DHO's decision had 'some basis in fact' in order to affirm the decision as comporting with the Due Process Clause," citing Hill, 472 U.S. at 456).

Finally, to the extent that Millhouse claims that his due process rights were violated because the incident report incorrectly referred to him as "Rodney" Millhouse,

we discern no clear error in the District Court's finding that the reference in the report's narrative description was a typographical error. The description specified that cell 112's sole occupant was Millhouse, noting his assigned inmate register number. That register number matches with Millhouse's identification, with his correct first name, noted at the top of the incident report. We agree with the District Court's conclusion that no due process violation arose from the first name error contained in the description of the incident.

Based on the foregoing, we will affirm the judgment of the District Court.