

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-3-2006

# Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1567

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Li v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1642.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1642

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  05-1567

XIU YING LI,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

On Petition for Review of a Final Order
of the Board of Immigration Appeals
No. A77-297-720

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 3, 2006

Before: McKEE, SMITH and VAN ANTWERPEN, *Circuit Judges*

(Filed:   February 3, 2006)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

Xiu Ling Li, a native of the People's Republic of China, arrived in this country in

February of 2000.  Six months later, in August, she filed a timely application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"),

alleging persecution on the basis of her political opinion. Li averred that she was forced to abort a child in 1991 and that an IUD was forcibly implanted after the birth of a daughter in July 1993. On November 27, 2000, the Immigration Judge ("IJ") found Li not credible and denied her application for asylum, withholding of removal, and relief under the CAT.

Li filed a timely appeal with the Board of Immigration Appeals ("BIA"). In September of 2002, Li's counsel, Donald Paragon, contacted the BIA about Li's pending appeal and advised that she had given birth to two children while in the United States. Attorney Paragon asked that this change be considered in ruling on her claim of political persecution because of China's coercive family policy. On November 14, 2002, the BIA affirmed the decision, citing a BIA decision and explaining parenthetically that an affirmance of an IJ's decision is a statement that the BIA's conclusion coincides with the IJ's decision. The BIA also concurred with the IJ's conclusion that Li had failed to prove her claims. It explained that Li had not submitted sufficient corroborating evidence and it agreed with the adverse credibility finding because there were inconsistencies that were central to her claim.

Li failed to obtain notice of the decision, however, because of mailing errors by the BIA. In May of 2004, some twenty months after Attorney Paragon's letter to the BIA inquiring about the status of her appeal, and almost eighteen months after the BIA issued its decision in November of 2002, Li sought assistance from Attorney Gary Yerman to determine the status of her appeal to the BIA. She learned that her appeal had been

2

dismissed in November of 2002.  On June 7, 2004, Attorney Yerman filed a motion to reopen alleging a change in the country conditions, namely a new, more restrictive birth control law.  Counsel argued that under this new law, Li, who now had three children born in the United States, feared being sterilized if returned to China.  In addition, counsel alleged that a failure to reopen would deny Li due process.

The BIA denied the motion to reopen on August 30, 2004.  The BIA explained that the motion was untimely.  The BIA recognized that the motion would be exempt from the 90 day filing requirement if it were based on "changed circumstances" under 8 C.F.R. § 1003.2(c)(3)(ii).  The changed circumstances exemption, however, lacked merit as the birth of her children in the United States did not constitute changed circumstances arising in her native country.  In addition, the BIA acknowledged that counsel averred that he had just received notice of the BIA's  November 14, 2002 decision.  The BIA noted that it had the power to grant such relief in exceptional situations, and that although it was "sympathetic to the respondent's situation, . . . we do not find it merits this relief."  Li did not file an appeal of this order.

Thereafter, Li retained yet another attorney, Gang Zhou.  He filed a motion for reconsideration on September 27, 2004.  The motion related the procedural history of the case, and asserted that reconsideration was warranted because not only had her first attorney rendered ineffective assistance, but so had her second attorney.  As a result, Li alleged that her "due process right to a full and fair hearing of her asylum claim" had been violated.

The BIA denied the motion for reconsideration on January 31, 2005. It capsulized Li's motion and declared that "[e]ven if we would therefore reconsider our August 30, 2004, decision finding the motion to reopen to be untimely, we would decline to reopen the proceedings in this case." The BIA explained that the IJ determined that Li's "testimony concerning her coercive family planning claim was not credible" and that "[o]nly credible testimony may sustain [Li's] burden of proof." It further acknowledged that her "current assertions do not account for her non-credible testimony."

Li petitioned for review of this order, asserting several arguments on appeal.[1] Li contends that the BIA's error deprived her of due process because it failed to timely put her on notice of the BIA's November 2002 decision dismissing her appeal. She also asserts that she was deprived of her right to due process because the BIA ignored her claim of ineffective assistance of both of her prior attorneys and the fact that she complied with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (1988). In addition, Li contends that the BIA abused its discretion by imposing an *ad hoc* requirement that she account for her non-credible testimony. She further submits that the BIA's failure to apprise her of that requirement offended the Due Process Clause.

We review constitutional claims de novo. *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 405 (3d Cir. 2003). In *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001), we acknowledged that "aliens facing removal are entitled to due process. 'The fundamental

---

[1] We exercise appellate jurisdiction pursuant to 8 U.S.C. § 1252.

4

requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Id.* (citations omitted). There is no due process violation, however, in the absence of prejudice. *Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir. 2003).

Noticeably absent from Li's argument is any assertion that she was deprived of her opportunity to fully and fairly present her case before the IJ, or to appeal in the first instance to the BIA. Instead, her allegation focuses solely on the conduct of the BIA in adjudicating her motion to reopen. To its credit, the BIA did not limit its decision to the procedural timeliness of Li's motion to reopen. Instead, the BIA considered not only whether changed circumstances warranted relief, but also the merits of Li's claim. It chose not to grant relief, noting that the IJ had determined, and the BIA had agreed, that her non-credible testimony failed to meet her burden of proof. As a result, the BIA explained there was no reason to grant the relief she requested. Because the BIA considered Li's arguments on the merits, even though it ultimately rejected them, she has not been prejudiced by the lost opportunity to file a timely motion to reopen. Without prejudice, Li cannot establish a due process violation. *Wilson*, 350 F.3d at 381.

Nor is there any merit to Li's assertion that the BIA ignored her claims of ineffective assistance of counsel. The second paragraph of the three paragraph order denying her motion for reconsideration was devoted to this very contention. The BIA generously assumed that attorney error caused the untimely filing. Nonetheless, it declared that even if it deemed the motion to reopen to be timely filed, it would not alter

5

its decision on the merits of her claim.

Li also contends that the BIA created an *ad hoc* requirement that she had to account for her non-credible testimony before relief could be granted on her motion for reconsideration or reopening. We disagree. What Li sees as a new requirement is simply an explanation by the BIA as to why the allegations and argument contained in her motion for reconsideration were insufficient to justify the relief sought. In the absence of a new procedural step, Li's final argument is without merit.

We will deny Li's petition for review and affirm the order of the BIA.