

Villanova University School of Law

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2006

# Hakim v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3397

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hakim v. Atty Gen USA" (2006). *2006 Decisions.* Paper 729.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/729

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

Nos. 05-3397 & 05-4228

————

SARA SAMIR GENDI HAKIM; ADEL ABDELMASSIH ASAAD,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

————

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency Nos. A95-459-895, A95-459-896)
Immigration Judge: Donald Vincent Ferlise

————

Argued:  June 16, 2006

Before: FISHER, CHAGARES, and REAVLEY,[*] Circuit Judges.

(Filed: July 19, 2006)

————

Counsel:    Alex G. Isbell
            David E. Piver (argued)
            Law Offices of David Piver

—————————

[*] Honorable Thomas M. Reavley, Senior Circuit Judge of the United States Court
of Appeals for the Fifth Circuit, sitting by designation.

150 Strafford Avenue, Suite 115
Wayne, PA 19087

William J. Vandenberg
Hogan & Vandenberg
11 Bala Avenue
Suite 8
Bala Cynwyd, PA 19004

*Attorneys for Petitioners*

Peter D. Keisler
Richard M. Evans
Nancy E. Friedman
David E. Dauenheimer
Sarah Maloney (argued)
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Respondent*

---

OPINION OF THE COURT

---

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Petitioners Sara Hakim and Adel Asaad are a married, Christian couple from Egypt. Asaad is from a Coptic Christian family, but Hakim converted to Christianity from Islam. Hakim sought asylum, withholding of removal, and relief under the Convention Against Torture (CAT), because she fears persecution and torture upon removal to Egypt. Asaad's application is derivative of Hakim's. The IJ found Petitioners

2

credible but denied their claims. The IJ admitted expert affidavits from Petitioners but prohibited the expert from testifying by telephone. Petitioners contend that the denial of telephonic testimony violated their due process rights and they also challenge the denial of their claims for relief. Because Petitioners' due process rights were not violated and the denial of claims was supported by substantial evidence, we will deny the petitions.

## I.

As we write only for the parties, our summary of the facts is brief. Hakim converted to Christianity on September 25, 1998, and married Asaad on January 10, 1999, but out of fear of persecution, they kept both facts secret and lived separately. Later in 1999, Hakim's brothers became suspicious and threatened her, slapped and pushed her once, and would not let her leave the house alone. Further, in 1999 and 2000, they pressured her into becoming engaged to marry a Muslim man. Asaad, meanwhile, was detained by local police for proselytization, jailed for two days, and exposed by the police to Islamic extremists who threatened him in 2000. Asaad's photo store was later vandalized by suspected extremists.

Hakim arrived in the United States in September, 2001, and was authorized to stay until March, 2002. However, Hakim overstayed her visa and was noticed into removal proceedings. The IJ conducted a hearing in August, 2003, at which Petitioners testified and submitted country condition evidence, including an affidavit from their expert Dr. Paul Marshall. Due to lack of time at the August hearing, and because Hakim said Dr. Marshall could later testify in person, the IJ continued the hearing to December,

3

2003. A scheduling conflict arose, which prevented Dr. Marshall from appearing at the December hearing. The IJ refused to permit Dr. Marshall to testify by telephone, because Hakim's attorney told the IJ that if Dr. Marshall were to testify he would state what was in his affidavit, and because of the IJ's policy of never permitting telephonic testimony.

The IJ denied Petitioners' claims and issued a full written decision on December 9, 2003. Petitioners appealed, and the BIA affirmed both cases without opinion on June 13, 2005. Petitioners filed a motion to reconsider based on the exclusion of telephonic testimony, which the BIA denied in a written opinion on August 26, 2005.

**II.**

This Court has recognized that aliens facing removal have due process rights. See Sewak v. INS, 900 F.2d 667, 671 (3d Cir. 1990); see also Bridges v. Wixon, 326 U.S. 135, 154 (1945) (deportation proceedings must meet "essential standards of fairness"). The requirements of due process "depend[] on the circumstances of the particular situation." Dia v. Ashcroft, 353 F.3d 228, 239 (3d Cir. 2003) (en banc) (quoting Marincas v. Lewis, 92 F.3d 195, 203 (3d Cir. 1996)). "The fundamental requirement of due process is the *opportunity* to be heard at a meaningful time and in a meaningful manner." Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001) (emphasis added) (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976)). There is "no due process violation in the absence of prejudice." Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003).

Petitioners' due process rights were not violated. There is no right to

4

telephonic testimony—the IJ "may," or may not, permit it. 8 C.F.R. § 1003.25(c).

Petitioners accuse the IJ of being disrespectful, but his brief comments relating to Dr. Marshall did not rise to the level of a due process violation. Nor is the IJ's general policy against telephonic testimony at issue; the question is whether due process was afforded in this case. The IJ gave Dr. Marshall the opportunity to testify in person at the continued hearing, and the IJ accepted Dr. Marshall's affidavits into evidence and considered them in detail. When Dr. Marshall was unable to appear, Petitioners conceded that Dr. Marshall would only testify to what he wrote in his affidavit. The fact that Dr. Marshall may have elaborated on his views or answered the IJ's objections during telephonic testimony does not establish that Petitioners were deprived of a meaningful opportunity to be heard in the first instance or that they suffered prejudice. The Seventh Circuit recently rejected a due process claim in a case that is highly persuasive here, relying on the fact that the IJ admitted the expert's written testimony, as well as the petitioner's concession that the expert would not have testified differently at the hearing. Hamid v. Gonzales, 417 F.3d 642, 646–47 (7th Cir. 2005).

### III.

Since the BIA affirmed the denial of Petitioners' claims without opinion, we review the IJ's decision. Wang v. Att'y Gen., 423 F.3d 260, 267 (3d Cir. 2005). We review findings of fact under the "extremely deferential" substantial evidence standard. Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004). We will not vacate the IJ's findings unless "[a] reasonable adjudicator would be compelled to conclude to the contrary."

5

Toure v. Att'y Gen., 443 F.3d 310, 316 (3d Cir. 2006) (quoting Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir. 2004)).

A thorough review of the record leads us to conclude that substantial evidence supported the denial of Petitioners' claims. Regarding past persecution, the harm that Hakim suffered from her family could reasonably be viewed as failing to rise to the extreme level of harm that constitutes either persecution or torture.

A closer issue is whether substantial evidence supports the denial of Petitioners' asylum claims. In addition to Petitioners' past experience, the record contains country condition evidence in the form of U.S. State Department Reports, Dr. Marshall's two affidavits, and several reports and articles from non-governmental organizations. The IJ relied on the fact that Petitioners actually avoided persecution, and on the State Department's conclusions that (1) there was a trend toward improvement in religious freedom, (2) only "several dozen" incidents of convert persecution were reported in the past two decades, and (3) no arrests of converts for document falsification were reported in the year covered by the 2001 Report. The IJ used this evidence to doubt the testimony of Dr. Marshall that the government sometimes participates and often acquiesces in convert persecution, that several of such incidents occurred in recent years, and that the situation is getting worse.

Our deferential standard leads us to conclude that substantial evidence in the record supported the IJ's denial of Petitioners' asylum claims. See Sevoian v. Ashcroft, 290 F.3d 166, 176 (3d Cir. 2002) (denying a petition where the BIA gave more

6

weight to State Department Reports than to non-governmental evidence, and citing other cases). Finally, because the eligibility threshold for withholding of removal is higher than for asylum, and because Petitioners' CAT claims rely on the same allegations of future harm, we also find that substantial evidence supported the denial of those claims.

## IV.

For the above reasons, we will deny the petitions.