

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2007

# Brienza-Schettino v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2848

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Brienza-Schettino v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1450.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1450

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case Nos: 05-2848 & 05-4393

CESAR FRANCISCO BRIENZA-SCHETTINO,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

On Petition for Review of Final Decisions of the
Board of Immigration Appeals
BIA No.: A37-194-060
Immigration Judge: Henry S. Dogin

Argued December 13, 2006

Before: SMITH and ROTH, *Circuit Judges*,
and YOHN, *District Judge**

(Filed: March 21, 2007 )

---

*The Honorable William H. Yohn, Jr., Senior District Judge for the Eastern
District of Pennsylvania, sitting by designation.

1

Thomas E. Moseley (Argued)
Suite 2600
One Gateway Center
Newark, NJ 07102
    *Counsel for Petitioner*

Pamela Perron (Argued)
Office of United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102
    *Counsel for Respondent*

_____

OPINION

_____

SMITH, *Circuit Judge.*

Cesar Francisco Brienza-Schettino seeks review of two final orders issued by the Board of Immigration Appeals (BIA). For the reasons set forth below, we will deny the petition for review of the first order by the BIA denying the request to reopen Brienza's immigration proceedings, and we will dismiss the petition for review of the latter order because we lack jurisdiction.

I.

Brienza, a citizen of Argentina, has been a lawful permanent resident in this country since 1982. He started dealing drugs in late 1991 and was arrested in March 1992 as he attempted to sell a kilogram of cocaine. Brienza was charged

2

with and pleaded guilty to two counts of possession of a controlled dangerous substance with the intent to distribute in violation of New Jersey law. He cooperated with law enforcement authorities and was favorably treated by the state court system, receiving a sentence of only eight years of imprisonment.

In January 1995, immigration authorities served him with an order to show cause why he should not be deported for having been convicted of controlled substance offenses. Although the Bergen County prosecutor requested that immigration authorities "take no action against" Brienza, he was taken into custody. While in custody, Brienza sought discretionary relief from deportation under former § 212(c), 8 U.S.C. § 1182(c).

In September 1996, an immigration judge (IJ) denied, without a hearing, Brienza's request for § 212(c) relief and ordered him deported. Brienza filed a notice of appeal with the BIA. Shortly thereafter, on September 30, 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), which repealed § 212(c) and replaced it with the procedure of "cancellation of removal" codified at 8 U.S.C. § 1229b. This new cancellation of removal procedure did not allow an alien convicted of any aggravated felony, regardless of the amount of time served, to obtain relief from removal. Based on IIRIRA, the BIA denied Brienza's appeal.

During the pendency of his notice of appeal, Brienza was released from custody and returned to his home in New Jersey. He resumed working in the business he started and reported to the New Jersey parole authorities every week. His wife became pregnant with their first child. After the BIA dismissed his appeal, he received notice that he was to surrender to INS custody on August 13, 1997. Faced with deportation and the impending birth of his first child, Brienza and his wife decided to move from New Jersey to New York, to relocate his business, to stop reporting to the New Jersey parole authorities, and to avoid immigration authorities.

Brienza and his wife lived in New York for several years without detection. In 2001, the Supreme Court decided *INS v. St. Cyr*, 533 U.S. 289 (2001), which concluded that application of the IIRIRA's repeal of § 212(c) to aliens who pleaded guilty was impermissibly retroactive. Despite this new development in the law, Brienza and his wife decided not to pursue any remedial action. They continued to live in New York without any difficulty until Brienza was arrested in April 2004 for a violation of state law related to workman compensation documentation. Although the charge was subsequently reduced to a disorderly conduct, Brienza's arrest resulted in the discovery of the outstanding warrants for his arrest by the New Jersey parole officials and immigration authorities. While

4

Brienza was in custody, he sought to reopen his immigration proceeding to take advantage of the Supreme Court's decision in *St. Cyr*. The BIA granted his motion to reopen and remanded his case to IJ Dogin for a hearing.

IJ Dogin issued notice that a hearing conducted with the benefit of video conferencing would be conducted on September 15, 2005. No objection was raised to the video conference aspect of the hearing. On September 15, the hearing proceeded without any problems or difficulties in transmission. During the hearing, Brienza acknowledged that in 1994 he had been convicted of two drug offenses. He candidly admitted that, during six to seven months in 1991-1992, he engaged in one to two drug deals per weekend of small amounts of cocaine. He also admitted that his last transaction involved a kilo of cocaine. Brienza urged the IJ to find that this conduct was outweighed by his strong family ties, the length of his residence in the United States, and the hardship his family would experience were he deported to Argentina.

The IJ carefully considered Brienza's application for § 212(c) relief, and characterized the case as a "tough" one. The IJ also stated that he was "truly, deeply sympathetic to the family, but one cannot take the law into one's own hands and say I will not obey." Although the IJ found that Brienza's family ties in the United States, the emotional hardships to his family, and the length of his

residency in the United States weighed in his favor, these considerations were outweighed by Brienza's drug trafficking and the fact that he failed to abide by the law, choosing instead to hide for a substantial period of time.

Shortly after the IJ denied Brienza's application for § 212(c) relief, the New Jersey Parole Board revoked Brienza's parole and imposed a nine month Future Eligibility Term. The decision explained that the nine month sentence was warranted because Brienza had failed to comply with government orders for a substantial number of years.

Brienza filed a timely notice of appeal from the IJ's denial of his application for § 212(c) relief. In his brief, Brienza argued that he had been deprived of his right to due process by virtue of the video-conferencing which, because of his absence, prevented his counsel from being fully effective. In addition, he asserted that there was new evidence warranting remand, citing the new regulations regarding § 212(c) hearings promulgated by the Department of Justice, the New Jersey Parole Board decision, and his wife's deteriorating health as a result of a recurrence of myasthenia gravis.

On March 14, 2005, the BIA dismissed Brienza's appeal of the denial of his application for § 212(c) relief and denied the motion to remand. It explained that "[w]e find that the Immigration Judge gave appropriate consideration and weight

6

to the positive and adverse factors present in this case. We agree with the Immigration Judge that the facts presented established unusual and outstanding equities, but that the multiple negative equities in this case, beginning with the 1994 drug trafficking conviction and extending to an arrest in 2004, precluded a grant of relief as a matter of discretion." The BIA acknowledged that Brienza had filed new evidence with his motion to remand, but it denied the motion to remand.

Brienza sought review of the BIA's decision.[1] In addition, he moved in New Jersey state court to vacate his guilty pleas to the 1992 state drug charges, alleging that his plea was not knowing and intelligent as he had never been advised of the immigration consequences of his plea. In July 2005, pursuant to a consent order, the New Jersey state court vacated the state drug charges. At the same time, Brienza pleaded guilty to a lesser charge of possession of a controlled substance. He was sentenced to three years of imprisonment, with credit for time served.

In the wake of the vacatur of his 1994 drug convictions, Brienza filed yet

---

[1]Brienza filed a petition for habeas corpus in the United States District Court for the District of New Jersey. Pursuant to the REAL ID Act, the petition was transferred to this court and converted to a petition for review. In *Kamara v. Attorney General*, 420 F.3d 202 (3d Cir. 2005), we instructed that "we are obliged to . . . address the claims raised in the habeas petition as if they were presented before us in the first instance as a petition for review." *Id.* at 210.

another motion to reopen. He cited only the fact that his 1994 convictions had been vacated and that he had pleaded guilty to a lesser change. On August 30, 2005, the BIA denied this motion to reopen. It denied the motion as untimely in light of the 90 day time period for new evidence motions to reopen. In the alternative, the BIA construed the request as a motion for it to sua sponte reopen his immigration proceedings. The BIA declined the request, explaining that the vacated convictions were unlikely to change the merits ruling on Brienza's application for § 212(c) relief inasmuch as he had pleaded guilty to a drug offense, albeit a lesser offense, and he had testified during the IJ hearing about his involvement in handling a kilo of cocaine. The BIA also found that the health concerns of Mrs. Brienza were an insufficient basis to reopen as the IJ had considered that previously. It further noted no additional medical evidence had been submitted. Brienza also petitioned for review of this order.

## II.

### A.

Brienza challenges the BIA's March 14, 2005 decision affirming the IJ's denial of his application for discretionary relief under § 212(c) and the denial of his motion to remand. He contends that his due process rights were violated because the BIA failed to consider his various arguments. As this challenge

8

presents a question of law, we possess jurisdiction under 8 U.S.C. §

1252(a)(2)(D).  We exercise plenary review over a claim alleging a due process

violation.  *Abdulrahman v. Ashcroft*, 330 F.3d 587, 595 (3d Cir. 2003).

It is well settled that an alien is entitled to due process.  *Abdulai v. Ashcroft*,

239 F.3d 542, 549 (3d Cir. 2001).  In *Abdulai*, we observed that a "decisionmaker

must actually consider the evidence and argument that a party presents." *Id.*

(internal quotation marks and citation omitted).  Scrutiny of the BIA's March 2005

decision shows that it did not mention Brienza's argument that the video

conference hearing violated his right to due process.

We disagree with Brienza that the BIA's failure to address this argument

warrants remand under *INS v. Ventura*, 537 U.S. 12, 16 (2002).  Remand is

unnecessary because Brienza's challenge to the video-conferencing was not based

on a defect that occurred during his hearing.  Instead, his argument takes issue

with the fact that video-conferencing is allowed by the statute.  *See* 8 U.S.C. §

1229a(b)(2) (providing that an IJ proceeding "may take place – (i) in person, (ii)

where agreed to by the parties, in the absence of the alien, (iii) through *video

conference* . . . .") (emphasis added).  The BIA has no authority to rule on the

constitutionality of this statutory provision.  *See Marrero v. INS*, 990 F.2d 772,

778 (3d Cir. 1993) (observing that "BIA did not have jurisdiction to adjudicate

9

constitutional issues") (citing *Sewak v. INS*, 900 F.2d 667, 670 (3d Cir. 1990)).

For that reason, we may consider this aspect of Brienza's petition for review.

We conclude, however, that there is no merit to Brienza's due process claim. In *Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir. 2003), we observed that there "would be no due process violation in the absence of prejudice." Brienza failed to identify any problems or difficulties in the video-conferencing that disadvantaged him. *Cf. Rusu v. INS*, 296 F.3d 316 (4th Cir. 2002) (acknowledging that the video conference was "plagued by communication problems" and technological difficulties). Instead, he simply contends that he was denied the opportunity to participate in decisions as the trial unfolded about calling additional witnesses such as his mother or his oldest child. This contention fails to establish that these witnesses would have contributed something that would have altered the IJ's decision. In the absence of any demonstrated prejudice, his due process claim based on the video-conferencing lacks merit.

Brienza also claims that his due process rights were infringed because the BIA did not address his other arguments alleging error by the IJ in denying his application for § 212(c) relief. We disagree. Brienza's other arguments simply represented his dissatisfaction with the weight the IJ accorded various factors in deciding that § 212(c) relief was not warranted. Although the BIA did not

10

explicitly discuss each of the factors Brienza identified as error, it implicitly considered these alleged errors in deciding that the IJ had not erred by finding that the multiple negative equities outweighed the positive equities.

B.

Brienza also challenges the March 14, 2005 decision by the BIA refusing to remand his immigration proceeding for consideration of new evidence. We note that the BIA acknowledged that the DOJ's new final rule, the New Jersey Parole Board decision, and the medical evidence regarding his wife's health status constituted new evidence. It concluded, however, that remand was not warranted.

Because the denial of a motion to reopen for new evidence is a final order, we have jurisdiction under 8 U.S.C. § 1252(a). *Sevoian v. Ashcroft*, 290 F.3d 166, 171 (3d Cir. 2002). We review any findings of fact for substantial evidence and the ultimate denial of the motion for an abuse of discretion. *Korytnyuk v. Ashcroft*, 396 F.3d 272, 285 (3d Cir. 2005).

We have considered Brienza's arguments and find no abuse of discretion by the BIA in denying the motion to remand. The new rule, according to Brienza, undermines the IJ's finding that his failure to comply with the deportation order was a negative equity because the rule shows that there were other aliens who failed to comply with deportation orders and that if he had been deported he would

11

have been barred from seeking relief under § 212(c). The new rule, however, points out that aliens who were removed were not allowed to seek § 212(c) relief because they had had an opportunity to challenge the denial of their applications for § 212(c) relief in administrative and judicial proceedings, as well as the opportunity to apply for a stay in anticipation of the Supreme Court's ruling in *St. Cyr*. This aspect of the rule, which Brienza ignores, supports the weight the IJ accorded to Brienza's refusal to comply with the deportation order. As a result, the new rule would add nothing to the IJ's calculus. We do not find an abuse of discretion by the BIA in denying Brienza's motion to reopen.

Nor do we find that the New Jersey Parole Board decision imposing the minimal period of incarceration warranted remand. According to Brienza, the minimal punishment he received reflected the Board's assessment that his probation violations were minor and technical in nature. It follows, in Brienza's view, that the Board's decision demonstrates that the IJ placed too much weight on the fact that Brienza had failed to abide by the law. We cannot ignore that the Board's decision, like that of the IJ's, found that Brienza's decision to abscond for a substantial period of time, and to remain at large after the Supreme Court's decision in *St. Cyr*, warranted revocation of his parole. The New Jersey Parole Board explained that the minimal period of incarceration was sufficient in light of

12

Brienza's circumstances. Thus, we find nothing in the Board's decision which undermines the IJ's decision denying Brienza's application for relief under § 212(c) and find no abuse in the denial of the motion to remand.

Finally, other than acknowledging that Brienza's wife's medical condition constituted new evidence, the BIA did not explicitly discuss his wife's status. We cannot find that the BIA abused its discretion by denying the motion, however, in light of the BIA's consideration of the evidence, including the hardship to the family, and its conclusion that the IJ had not erred in according significant weight to Brienza's multiple negative equities. We will deny the petition for review of the March 14, 2005 order by the BIA.

III.

Brienza also petitioned for review of the BIA's August 30, 2005 decision denying Brienza's motion to reopen to consider the fact that his 1994 convictions had been vacated. As we noted above, we have jurisdiction under 8 U.S.C. § 1252(a) because the denial of a motion to reopen for new evidence is a final order. *Sevoian v. Ashcroft*, 290 F.3d 166, 171 (3d Cir. 2002).

The BIA concluded the motion was untimely because it was filed more than 90 days after the March 14, 2005 decision. This finding was correct. We find no abuse of discretion in denying the motion on this basis.

The BIA also construed the motion as a request to sua sponte consider reopening under 8 C.F.R. § 1003.2(a). It declined the request, explaining that, notwithstanding the vacatur, Brienza had pleaded guilty to the lesser offense of possession which made him removable, and had admitted during his testimony at the IJ hearing that he had engaged in dealing drugs and that his last transaction before his arrest involved trying to sell a kilo of cocaine.

Brienza argues that the BIA erred because our decision in *Pinho v. Gonzales*, 432 F.3d 193 (3d Cir. 2005), instructs that a conviction that has been substantively vacated may not be considered for immigration purposes. Brienza's argument is persuasive at first blush, but we lack jurisdiction to consider it under *Calle-Vujiles v. Ashcroft*, 320 F.3d 472 (3d Cir. 2003). In *Calle-Vujiles*, we declared that § 1003.2(a), which provided for a sua sponte reopening by the BIA, "offer[ed] no standard governing the agency's exercise of discretion." *Id.* at 475. "Because the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case" under the lessons of *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). *Calle-Vujiles*,

320 F.3d at 475.[2]  Accordingly, we will dismiss the second petition for review

because we lack jurisdiction.

---

[2]We note, however, that we find nothing in *Pinho* that would suggest that if a conviction is substantively vacated, that the BIA or an IJ is precluded from considering testimony by an alien regarding the nature of his past criminal conduct.  Nor are we troubled by the BIA's erroneous statement that the IJ had considered Brienza's wife's medical condition.  It is true that the IJ had not considered that evidence.  But the BIA had previously considered the evidence, and it specifically noted that the motion to reopen did not attach any new evidence of his wife's current medical status.  Because the regulations instruct that a motion to reopen based on new evidence "shall be supported by affidavits or other evidentiary material," 8 C.F.R. § 1003.2(c), and because there was no new evidence in this regard, there was nothing new for the BIA to consider in that regard.