

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2007

# Pangemanan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2031

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Pangemanan v. Atty Gen USA" (2007). *2007 Decisions.* Paper 28.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/28

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2031

_____

HARRY PANGEMANAN
MARIYANA SUNARTO,
                                        Petitioners

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                                        Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A96-265-808/809
Immigration Judge: Eugene Pugliese

_____

Submitted Under Third Circuit LAR 34.1(a)
on November 30, 2007

Before: BARRY, FUENTES, <u>Circuit Judges</u>, and DIAMOND,[*] <u>District Judge</u>.

(Filed:  December 20, 2007)

_____

OPINION

_____

_____

   [*] Honorable Paul S. Diamond, District Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

DIAMOND, <u>District Judge</u>.

Harry Pangemanan and his wife, Mariyana Sunarto -- both natives and citizens of Indonesia -- petition for review of the Board of Immigration Appeals' ("BIA") denial of Pangemanan's request for cancellation of removal, and Sunarto's request for withholding of removal and protection under the Convention Against Torture ("CAT"). We dismiss Pangemanan's petition for lack of jurisdiction, and deny Sunarto's petition on the merits.

**I.**

Petitioners entered the United States with valid visas: Pangemanan in 1993 and Sunarto in 1998. Petitioners married on July 21, 2000, and have a four-year old daughter, who is a United States citizen.

On January 2, 2004, removal proceedings were initiated against Petitioners. The Notices to Appear charged that Petitioners were removable as aliens who remained in the United States longer than permitted. Immigration and Nationality Act § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B).

On March 18, 2004, Petitioners appeared before an Immigration Judge ("IJ") and conceded that they were removable as charged. At a continued hearing on May 13, 2004, Pangemanan indicated that he would apply for cancellation of removal based upon hardship to his daughter. Sunarto initially sought asylum, and also indicated that she would apply for withholding of removal and CAT protection. She eventually withdrew her asylum request and proceeded only on the remaining claims.

2

On November 9, 2004, the IJ conducted a merits hearing at which both Petitioners testified. The IJ ruled that Pangemanan was not eligible for cancellation of removal because he did not show that his removal would result in exceptional or extremely unusual hardship to his daughter. INA § 240A(b), 8 U.S.C. § 1229b(b).

Sunarto testified to difficulties she had experienced in Indonesia: that her family's home was burned down when she was five-years old (some thirty-nine years ago); that in 1980 she moved to Jakarta and changed her name to one that was more typically Indonesian in the hope that this would help her find employment; and that she was robbed several times because she was Chinese Christian. Pangemanan testified that Sunarto's fifteen-year old son (from another relationship), Sunarto's siblings, and her parents still live in Indonesia. The IJ noted that there was no evidence suggesting that any of those individuals have ever suffered hardship because they are Chinese Christians. Based on his assessment of the evidence and his uncertainty as to Sunarto's credibility, the IJ determined that Sunarto did not show that she would likely be persecuted or tortured if she returns to Indonesia. Accordingly, the IJ ruled that Sunarto was not eligible for withholding of removal or protection under the CAT.

In accordance with his rejection of Petitioners' claims, the IJ directed the removal of both Petitioners if they failed to leave the United States in accordance with the privilege of voluntary departure. On December 1, 2004, Petitioners appealed to the BIA, which dismissed the appeal and issued its decision "adopting and affirming the ultimate

3

conclusion" of the IJ.

The BIA agreed that Pangemanan failed to establish that his removal would result in exceptional or extremely unusual hardship to his daughter. Although Sunarto sought to revive her asylum claim, she did not persuade the BIA that she met the exception to the one-year limitations period for filing an asylum application. See 8 C.F.R. § 1208.4(a)(2). The BIA noted that the IJ did not adequately address Sunarto's contention that she would suffer persecution if she returned to Indonesia. (App. at A-2.) Crediting Sunarto's testimony before the IJ, the BIA found that although some Chinese Christians suffer harassment and discrimination, there is presently no pattern or practice of persecution of Chinese Christians in Indonesia. It based this finding on two recent State Department reports, and on the experience of Sunarto's extended family -- all Chinese Christians -- who have been living in Indonesia without incident. Accordingly, the BIA rejected Sunarto's argument that it was more likely than not she would suffer persecution or torture if returned to Indonesia.

Pangemanan and Sunarto timely petitioned this Court for review.

## II.

Pangemanan asks us to review the BIA's determination that his removal would not result in exceptional or extremely unusual hardship to his daughter. We are without jurisdiction to conduct such a review. See Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 176 (3d Cir. 2003) ("Because we hold that the issue of whether [a petitioner] meets

the hardship requirement is a discretionary decision by the Board of Immigration Appeals, we lack jurisdiction to review the decision and we will dismiss the action."). Accordingly, we will not address the merits of Pangemanan's contentions, and dismiss his petition.

## III.

This Court has jurisdiction to hear Sunarto's petition. 8 U.S.C. §§ 1252(a)(1) and (b)(1). Where, as here, the BIA issued a decision on the merits (and not simply a summary affirmance), we review the BIA's, not the IJ's, decision. See Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). We must uphold the BIA's factual findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We will rule that substantial evidence is lacking only if "the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001); see also 8 U.S.C. § 1252(b)(4)(B).

## IV.

On appeal, Sunarto has again abandoned her asylum claim. Rather, she argues that the BIA erroneously denied her requests for withholding of removal and relief under the CAT. To be entitled to withholding of removal, Sunarto must demonstrate that there is a "clear probability" that she will be persecuted on account of a protected ground when she returns to Indonesia. See 8 U.S.C. § 1231(b)(3); INS v. Stevic, 467 U.S. 407,

5

424 (1984). "The question under that [clear probability] standard is whether it is more likely than not that the alien would be subject to persecution." Stevic, 467 U.S. at 424. A showing of past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.16(b)(1).

To qualify for relief under the CAT, Sunarto must establish "that it is more likely than not that . . . she would be tortured if removed" to Indonesia. 8 C.F.R. § 208.16(c)(2). Torture means inflicting "severe pain or suffering, whether physical or mental, . . . on a person . . . for any reason based on discrimination . . ., when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Sunarto argues that she is entitled to relief because the record shows it is more likely than not that because she is a Chinese Christian, she would be persecuted or tortured if she returns to Indonesia.

There is substantial evidence supporting the BIA's findings. Although Sunarto cites to the State Department reports on Indonesia suggesting past discrimination against Chinese Christians, those same reports also show that there is no present pattern or practice of such discrimination. See Lie v. Ashcroft, 396 F.3d 530, 537-38 (3d Cir. 2005). Moreover, it is undisputed that Sunarto's extended family, who are all Chinese Christians, have lived in Indonesia for years without incident. See id. at 537. Accordingly, the evidence of record does not compel a result contrary to that reached by

6

the BIA.

## V.

Sunarto also contends that the BIA violated her due process rights.  She argues that in light of the BIA's determination that the IJ did not adequately address her future persecution claim, it should have remanded to the IJ for a new hearing on that claim.  We disagree.  Due process entitled Sunarto to "the opportunity to be heard at a meaningful time and in a meaningful manner."  Matthews v. Eldridge, 424 U.S. 319, 333 (1976); see also Dia v. Ashcroft, 353 F.3d 228, 239 (3d Cir. 2003).  Sunarto has not shown that she was denied such an opportunity.  Furthermore, Sunarto offers us no new contentions or evidence she would present to the IJ were she granted a second hearing.  In these circumstances, there was no due process violation.  See Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003) (there is "no due process violation in the absence of prejudice.").

## VI.

For the foregoing reasons, we dismiss Pangemanan's petition, and we deny Sunarto's petition.