NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4700
_____

HARRY A. PANGEMANAN;
MARIYANA SUNARTO,
                                        Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A096-265-808 and A096-265-809)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 11, 2011

Before:  BARRY, HARDIMAN and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 13, 2011)
_____

OPINION
_____

PER CURIAM

    Harry Pangemanan and Mariyana Sunarto, a married couple who are citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") decision

denying their motion to reopen. For the reasons that follow, we will deny the petition for review.

I

The petitioners' case has a rather long and complicated procedural history. In 2004, the petitioners received notices to appear, charging them as removable for overstaying their authorized periods of admission. Before the Immigration Judge ("IJ"), the petitioners -- represented by Joyce Antila Phipps -- conceded removability. A.R. 521. Pangemanan sought cancellation of removal, Sunarto sought withholding of removal, and both petitioners requested voluntary departure. A.R. 521-22. The IJ denied their requests for cancellation and withholding, but granted voluntary departure. A.R. 518-19.

The petitioners appealed to the BIA, again represented by attorney Phipps. On February 27, 2006, the BIA dismissed the appeal, agreeing with the IJ that the petitioners failed to demonstrate entitlement to the relief requested. A.R. 337-39. The petitioners then retained attorney John Perez, who filed in this Court a timely petition for review. See Pangemanan v. Att'y Gen., 259 F. App'x 429, 431 (3d Cir. 2007). We dismissed the petition in part and denied it in part. See id. at 432.

The following month, January 2008, the petitioners retained attorney David Haghighi to file a motion to reopen their immigration proceedings before the BIA. However, Houman Varzandeh, an attorney from Haghighi's office, did not file the motion to reopen until January 2009. A.R. 335. Although the petitioners, through new

2

counsel, sought to withdraw that motion on February 23, 2009, the BIA failed to associate the motion to withdraw with the motion to reopen, and erroneously adjudicated the motion to reopen. In its February 24, 2009, decision, the BIA held that the motion to reopen was untimely, and that the petitioners' argument that they satisfied the "changed country conditions" exception to the 90-day time limit for filing a motion to reopen lacked merit. A.R. 285.

Then, in March 2009, the petitioners -- through present counsel, Joan Pinnock -- filed with the BIA a new motion to reopen, asserting that attorneys Phipps and Haghighi provided deficient performance.[1] A.R. 124-214. On March 20, 2009, the BIA denied their motion to reopen. A.R. 115-16. The Board held that the motion was time- and number-barred, and reasoned that the petitioners failed to make out a colorable deficient performance claim. With regard to attorney Phipps, the BIA concluded that the petitioners had not demonstrated due diligence in discovering and seeking to cure the alleged deficient performance; with regard to attorney Haghighi, the BIA concluded that, because their first motion to reopen would have been untimely even if it had been filed when the attorney was retained, the petitioners were not prejudiced by the delay in filing the motion. Id.

The petitioners filed a motion to reconsider. A.R. 32-35. In a decision dated

---

[1] The petitioners argued that Phipps improperly failed to discuss with them the consequences of voluntary departure, and that she failed to inform them of the BIA's February 2006 decision. The petitioners argued that Haghighi improperly delayed

3

May 6, 2009, the BIA granted the motion to reconsider and concluded that, because the petitioners' January 2009 motion to reopen should have been deemed withdrawn, their March 2009 motion to reopen was incorrectly held to be number-barred. A.R. 22. Accordingly, the Board vacated its February 24, 2009, and March 20, 2009, decisions. Id. However, the BIA again denied the motion to reopen, reasoning that, for the reasons articulated in its March 20, 2009, decision, the petitioners' motion to reopen was untimely, and they failed to make out a colorable deficient performance claim under Matter of Compean, Bangaly & J-E-C-, 24 I&N Dec. 710 (A.G. 2009) ("Compean I").

In June 2009, the petitioners filed in this Court a petition for review of the Board's May 2009 decision. See Pangemanan v. Att'y Gen., C.A. No. 09-2641. We granted the Government's unopposed motion to remand proceedings to the BIA for reconsideration in light of the Attorney General's decision in Matter of Compean, Bangaly & J-E-C-, 25 I&N Dec. 1 (A.G. 2009) ("Compean II"), which vacated Compean I and ordered the Agency to apply the pre-Compean standard for evaluating claims of ineffective assistance of counsel as grounds for reopening immigration proceedings. C.A. No. 09-2641 (order filed July 29, 2009).

On remand, the BIA granted reconsideration in light of Compean II. A.R. 4. However, the Board again reasoned that the motion to reopen was untimely, and that the petitioners failed to demonstrate due diligence with respect to their claims against

---

filing their motion to reopen for a year after he was first retained.

attorney Phipps or prejudice concerning their claims against attorney Haghighi.  Id. at 4-5.  Accordingly, the Board denied the petitioners' motion to reopen.  Id. at 5.  The petitioners filed a timely petition for review of that decision.

II

We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a).  We review the BIA's denial of the motion to reopen for abuse of discretion.  See Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007).  Under that standard, we will not reverse the Board's decision unless "it is arbitrary, irrational, or contrary to law."  Id. (quoting Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002)).

A "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal."  INA § 240(c)(7)(C)(i) [8 U.S.C. § 1229a(c)(7)(C)(i)].  However, ineffective assistance of counsel can serve as a basis for equitably tolling the limitations period in immigration cases.  See Mahmood v. Gonzales, 427 F.3d 248, 251 (3d Cir. 2005).  To obtain equitable tolling of the limitations period based on ineffective assistance, the petitioners had to show that competent counsel would have acted differently and that, absent counsel's errors, there was a reasonable likelihood that the outcome of their proceedings would have been different.  See Fadiga, 488 F.3d at 157, 159-60.  They also had to demonstrate that they acted diligently in pursuing their ineffective assistance claim.  See Mahmood, 427 F.3d at 252.

With regard to the petitioners' ineffective assistance claim against Haghighi, the

5

BIA reasoned that the petitioners failed to show that they were prejudiced by the delay in filing the motion to reopen because, even if Haghighi had filed the motion as soon as he was retained, it would nevertheless have been untimely. The record shows that BIA dismissed the petitioners' appeal in February 2006, but they did not retain Haghighi until almost two years later -- well beyond the 90-day limit for filing a motion to reopen. Although the motion to reopen filed by Haghighi's office invoked the "changed country conditions" exception to the 90-day time limit, see INA § 240(c)(7)(C)(ii), the Board held that the exception did not apply.[2] We therefore perceive no abuse of discretion in the Board's determination that the petitioners did not demonstrate prejudice resulting from Haghighi's representation.

Likewise, the Board did not abuse its discretion in holding that the petitioners failed to diligently pursue their ineffective assistance claim against attorney Phipps. The petitioners arguably should have known about any deficiencies in Phipps's representation in March 2006, when they retained John Perez as new counsel and filed a petition for review. Yet they raised no arguments calling Phipps's performance into question until March 2009, i.e., three years, three attorneys, and two motions to reopen after they had worked with Phipps. The petitioners have not shown that the BIA's decision was "arbitrary, irrational, or contrary to law."

---

[2] The propriety of the Board's conclusion that the first motion to reopen was untimely is not an issue presently before this Court. We note that the petitioners do not challenge in their brief that aspect of the Board's analysis.

Accordingly, we will dismiss the petition for review.