

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2008

# Fry v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3547

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Fry v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1399.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1399

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 05-3547

———————————

YAW KOSSONOU FRY,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

———————————

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A78-816-004)
Immigration Judge:  Walter A. Durling

———————————

Argued December 6, 2007

Before: McKEE, CHAGARES, and HARDIMAN, Circuit Judges.

———————————

(Filed: March 24, 2008)


Roger F. Cox (Argued)
Blank Rome LLP
130 North 18th Street
One Logan Square
Philadelphia, PA 19103

        *Counsel for Petitioner*

Richard M. Evans
Carl H. McIntyre, Jr.
Joan E. Smiley
Susan K. Houser
Aliza B. Alyeshmerni (Argued)
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

  *Counsel for Respondent*

———

OPINION OF THE COURT

———

CHAGARES, Circuit Judge.

  Yaw Kossonou Fry petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA) on July 6, 2005. The BIA upheld the decision of the Immigration Judge (IJ), denying Fry's motion for termination of removal proceeding and, in the alternative, for a continuance pending the final disposition of the immediate relative visa petition (Form I-130) filed by his United States citizen wife. We agree with the BIA that the removal proceedings initiated against Fry were not barred by principles of *res judicata*. We conclude, however, that the BIA abused its discretion in affirming the denial of Fry's request for a continuance. The Form I-130 petition was approved on July 19, 2005 and Fry may be eligible for adjustment of status. Accordingly, we will remand to the BIA for further proceedings.

2

I.

As we write only for the parties, our summary of the facts is brief. Petitioner, a citizen of the Ivory Coast, was admitted to the United States in August 1997 as a non-immigrant with authorization to remain until September 2001. He attended the University of Delaware, and while there, had a consensual sexual relationship with a sixteen-year-old girl. In March 2002, he pled guilty to statutory rape, and the Immigration and Naturalization Service (INS) initiated an expedited removal proceeding under INA § 238(b), on the grounds that Fry had been convicted of an aggravated felony under § 101(a)(43) of the INA, 8 U.S.C. § 1101(a)(43). On April 4, 2002, an INS officer ordered Fry removed. Fry filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania, which the District Court granted on August 8, 2002, holding that Fry's offense was not an aggravated felony under the INA. The INS did not appeal the District Court's decision.

One day later, on August 9, 2002, the INS commenced a second removal proceeding, charging that Fry was subject to removal under INA § 240 for having overstayed his temporary nonimmigrant visa and for having committed a crime of moral turpitude within five years of his admission for which a sentence of one year or more may be imposed, pursuant to INA § 237(a)(1)(B) and (a)(2)(A)(i). At one of the removal hearings, Fry admitted that he had overstayed his visa, but denied that he had committed a crime of moral turpitude.

On June 24, 2003, while his removal proceeding was pending, Fry's wife, Tiffany Fry, filed a Form I-130 Petition for Alien Relative, seeking permanent residence status for her husband. The Department of Homeland Security sent Mrs. Fry a Notice of Intent to Deny the I-130 Petition dated October 29, 2004, explaining that because Tiffany Fry married Yaw Fry after he was placed in removal proceedings, she had to meet a higher burden of proof to establish that the marriage was entered into in good faith and had failed to do so.

On November 11, 2004, Tiffany Fry's counsel sent a letter to the District Director of the U.S. Citizenship and Immigration Services, stating that although he had submitted an entry of appearance on her behalf, he had not received the October 29 notice and indicating that he intended to submit additional evidence on Fry's behalf within the 60-day statutory period for submitting such evidence. He challenged the 15-day period to refute or rebut the denial of the petition which the notice indicated applied.

Mrs. Fry's I-130 petition was denied on December 14, 2004. The Notice of Denial emphasized that Fry was furnished with the Notice of Intent to Deny and provided a period of 15 days to submit evidence to refute or rebut the information, but she had failed to provide any response.

On December 30, 2004, counsel for Tiffany Fry sent the District Director a letter with extensive attachments, providing evidence of the validity of the Frys' marriage. The letter again noted that the immigration regulations provided for a 60-day period for an I-130 petitioner to submit additional evidence, not a 15-day period as indicated in the

4

Notice of Intent to Deny. Counsel underscored that Tiffany Fry had initially filed a *pro se* I-130 petition and did not, therefore, realize that she needed extensive documentation.

On January 18, 2005, counsel for Tiffany Fry appealed the denial of her I-130 petition, contending that her due process rights were violated by the District Director's failure (1) to allow her 60 days to submit rebuttal evidence and (2) to send counsel the Notice of Intent to Deny and Notice of Denial. In addition, counsel argued that the District Director's determination that the Frys had entered into a fraudulent marriage was not supported by substantial and probative evidence in the record.

While Tiffany Fry's I-130 appeal was pending, on January 21, 2005, the IJ denied Yaw Fry's motion to terminate the § 240 proceeding on *res judicata* grounds. On February 1, 2005, the IJ denied Fry's request to postpone the § 240 proceeding to permit the BIA to rule on Tiffany Fry's appeal from the denial of her I-130 petition, and ordered Fry's removal to the Ivory Coast. Fry appealed the IJ's decision and on July 6, the BIA dismissed Fry's appeal, rejecting his *res judicata* claim and finding no basis for granting a continuance pending the appeal of the I-130 petition. This appeal followed.

## II.

We have jurisdiction to review the BIA's final orders of removal. 8 U.S.C. § 1252(a). Specifically, 8 U.S.C. § 1252(a)(2)(D), amended by REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231, grants this Court jurisdiction to review all constitutional claims or questions of law raised upon a properly filed petition for review. In cases such as this, where the BIA issues a decision on the merits, we review the BIA's

decision, not the IJ's.  Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006) (quoting Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002)).  We review legal decisions of the BIA *de novo*, but afford deference to the BIA's reasonable interpretation of the statutes which it is charged with administering.  Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984); Francois v. Gonzales, 448 F.3d 645, 648 (3d Cir. 2006).  In addition, we review constitutional challenges *de novo*.  De Leon-Reynoso v. Ashcroft, 293 F.3d 633, 635 (3d Cir. 2002).  Our review of the denial of a continuance is for abuse of discretion.  Khan v. Att'y Gen., 448 F.3d 226, 233 (3d Cir. 2006).  An IJ "'may grant a continuance for good cause shown.'"  Id.

We review the BIA's findings of fact under the deferential substantial evidence standard, meaning that "[s]o long as the BIA's decision is supported by 'reasonable, substantial, and probative evidence on the record considered as a whole,' we will not disturb the BIA's disposition of the case.  A BIA decision can only be reversed if the evidence is such that a reasonable factfinder would be compelled to conclude otherwise.  Nonetheless, . . .[w]e will not accord the BIA deference where its 'findings and conclusions are based on inference or presumptions that are not reasonable grounded in the record.'"  Chavarria, 446 F.3d at 515 (citations omitted).

Venue is proper in this Court because the proceedings before the IJ were completed in York, Pennsylvania.  8 U.S.C. § 1252(b)(2).

6

Fry first contends that principles of *res judicata* barred the INS from initiating a second removal proceeding under § 240 on the same set of facts, after unsuccessfully initiating an expedited removal proceeding under § 238(b).  We disagree.

It is well established that the doctrine of *res judicata* "'protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy.'"  Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir. 2007) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 (1979)).  For the doctrine to apply, three prongs must be met: "'(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'"  Post, 501 F.3d at 169 (quoting Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991)).  Furthermore, "*res judicata* bars not only claims that were brought in the previous action, but also claims that could have been brought."  Post, 501 F.3d at 169 (citing CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 194 (3d Cir. 1999)).

As the BIA correctly explained, however, "the present charges are different from the charge filed against [Fry] in the [§] 238(b) proceedings.  Moreover, the DHS could not have brought the present charges in that proceeding; the regulations only provide for the removal of aliens under [§] 237(a)(2)(A)(iii) of the Act in section 238(b) proceedings."  Appendix (App.) at 3.  In the first proceeding, Fry was charged with an aggravated felony based on his conviction for statutory rape; in the instant proceeding, he is charged with having committed a crime of moral turpitude, based on that conviction, as

7

well as with overstaying his visa. These charges could not have been raised in the first proceeding, as § 238(b) proceedings are only for aggravated felony convictions. Moreover, prior to the instant proceeding, the INS had never attempted to bring charges against Fry for overstaying his visa, and Fry has admitted his guilt as to that offense. Fry's argument that the § 240 proceeding must be terminated on *res judicata* grounds is, therefore, without merit.

IV.

Fry also asserts that the multiple proceedings brought by the INS caused him substantial prejudice and therefore violated his procedural due process rights. Appellant Br. at 20 (citing Wilson v. Ashcroft, 350 F.3d 377, 380-81 (3d Cir. 2003)). Again, we disagree because Fry's argument is based on the fallacy that the agency relitigated the same issue multiple times. This is plainly incorrect because, as we noted previously, a removal proceeding based on the commission of an aggravated felony is separate and distinct from a removal proceeding based on the commission of a crime of moral turpitude and overstaying one's visa.

Although Fry uses the label of constitutional due process, he makes no attempt to show how the core requirements of due process – notice and a meaningful opportunity to be heard – were violated. Jarbough v. Att'y Gen., 483 F.3d 184, 190 (3d Cir. 2007). His only conclusory claim is that the INS incorrectly initiated an expedited removal proceeding. Fry's attempt to recast the INS' factual and discretionary determinations as due process violations must, therefore, fail.

8

Finally, Fry argues that the BIA erred in dismissing his appeal from the IJ's refusal to grant a continuance. Here, we agree with petitioner.

The BIA based its decision to deny the continuance on three points. First, the BIA observed that there was no record of an appeal from the denial of his wife's visa petition before the BIA. Second, the BIA concluded that Tiffany Fry had mistakenly submitted the appeal to Department of Homeland Security rather than to the Board. Third, the BIA asserted that Fry had not submitted to the BIA the evidence provided to the District Director as supplementary proof of his marriage.

Contrary to the BIA's findings, however, Tiffany Fry had correctly appealed the denial of the I-130 petition and Fry's counsel had submitted a record of the appeal to the BIA. The regulations and the District Director's Notice of Denial, both indicate that the I-130 appeal should be filed with the office of the District Director, not with the BIA. Under 8 C.F.R. § 1003.3(a)(2), "[a]n appeal from a decision of a Service officer shall be taken by filing a Notice of Appeal to the Board of Immigration Appeals from a Decision of an INS Officer (Form EOIR-29) *directly with the office of the Service having administrative control over the record of proceeding* within 30 days of the service of the decision being appealed. An appeal is not properly filed until it is received *at the appropriate office of the Service*, together with all required documents, and the fee provisions of § 1003.8 are satisfied." 8 C.F.R. § 1003.3(a)(2) (emphasis added). Tiffany Fry complied with these regulations, and on July 19, 2005, the I-130 petition was granted.

In addition, Fry's counsel submitted to the BIA the cover letter and brief, dated January 18, 2005 in support of Tiffany Fry's appeal of the denial of the I-130 petition. Counsel's submission on appeal to the BIA also included a letter dated December 30, 2004 from Tiffany Fry's counsel to the District Director, describing the supplementary proof of marriage, which included joint bills and tax returns, a joint lease, affidavits and letters. We therefore conclude that the BIA abused its discretion in affirming the IJ's decision denying Fry a continuance, and we will remand the case to allow Fry to assert his claim for adjustment of status.

## VI.

For the above-stated reasons, we will deny, in part, and grant, in part, the petition for review, partially vacating the decision of the BIA and remanding for proceedings consistent with this opinion.