**Dorival Luis DA SILVA, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES,**
**Respondent.**

**No. 09–1871.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 10, 2010.

Opinion filed: March 22, 2010.

---

1. Under § 924(e)(2)(A)(ii), a "serious drug offense" is one that carries "a maximum term of imprisonment of ten years or more."

Robert Frank, Esq., Frank & York, Newark, NJ, for Petitioner.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Justin R. Markel, Esq., Timothy B. Stanton, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: AMBRO, CHAGARES and ALDISERT, Circuit Judges.

OPINION

PER CURIAM.

Dorival Luis Da Silva, a citizen of Brazil, entered the United States without inspection on March 28, 1988. The Government served him with an order to show cause the very next day (March 29, 1988). When Da Silva did not appear for his hearing before an Immigration Judge ("IJ") the following August, the order to show cause was returned to the agency and his case was administratively closed.

In February 2006, Da Silva, represented by counsel, moved to recalendar proceedings so that he could "apply for cancellation of removal." R. 97. Da Silva, with his counsel, first appeared before the IJ in April 2006, and conceded the charge of removability. His counsel indicated that Da Silva wished to seek cancellation of removal or suspension of deportation, but he did not present an application. At that time, the IJ notified Da Silva's counsel that he was to present "[a]ny and all applications" at the next appearance or "they[ ] [would] be abandoned." R. 50.

Subsequently, Da Silva, through his counsel, filed an application for suspension of deportation (not cancellation of removal) and an application for voluntary departure. He appeared before the IJ in May 2007 without having filed any documents in support of his suspension application. The Government opposed the application because Da Silva, who received an order to show cause one day after his entry into the United States, did not accrue the seven

years of continuous presence necessary to qualify for suspension of deportation (under the stop-time rules). Da Silva's counsel's response was to register surprise at the Government's position and to suggest that, had he known sooner, he would have requested that the Government "repaper" Da Silva so that he would be eligible for cancellation of removal.[1] The IJ stated on the record that he was denying a request for a continuance, to the extent that Da Silva's counsel could be seen to be requesting one. The IJ then denied the suspension application because Da Silva could not show the requisite seven years of continuous presence in the United States. The Board of Immigration Appeals ("BIA") dismissed Da Silva's subsequent appeal.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We exercise plenary review over the legal question Da Silva raises, *see Gerbier v. Holmes,* 280 F.3d 297, 302 n. 2 (3d Cir.2002), namely whether the IJ violated his due process rights by declining to continue his case.

Upon review, we conclude that Da Silva's due process rights were not violated in the agency proceedings. First, it is not even clear that Da Silva's counsel requested a continuance at Da Silva's merits hearing. To the extent that he requested a continuance, the denial of the continuance was not a due process violation. As the BIA emphasized, the burden was on Da Silva to prove that he was eligible for suspension of deportation. He, or rather, his counsel, should have realized long before the Government brought it to his attention that Da Silva was not eligible for suspension of deportation. As the IJ noted, it is well established that the service of

an order to show cause stops the accrual of time that counts toward the necessary seven years of continuous presence for suspension eligibility. *See In re Nolasco-Tofino,* 22 I. & N. Dec. 632, 635 (BIA 1999). A 10–day or two-week period for response to the Government's argument would not have changed the facts of his case (or the choice of seeking relief for which Da Silva was not eligible).

Da Silva also makes the argument that he would have sought repapering if given more time. Although the BIA stated that there is no evidence in the record that Da Silva has a qualifying relative for cancellation, there is his self-reported information that he has two children who are United States citizens. R. 80. However, there is no evidence in the record that otherwise supports his assertion that he would have been granted cancellation of removal if his case had been repapered. *See* 8 U.S.C. § 1229b(b)(1)(D) (requiring a showing "that removal would result in exceptional and extremely unusual hardship" to a United States citizen child). Also, as the BIA noted, there appears to have been no effort by his counsel to have the case repapered, even while the case was on administrative appeal. Moreover, there is no indication that the Government would be willing to repaper the case. For these reasons, the BIA was not wrong when it concluded that Da Silva could not show prejudice from any denial of a continuance. *See Khan v. Attorney Gen. of the United States,* 448 F.3d 226, 236 (3d Cir.2006) (holding that a petitioner cannot show prejudice when he presents only a speculative possibility that he could be found eligible to remain in the country). In the absence of prejudice, there is no due pro-

---

1. Repapering is the process by which the Government terminates the order to show cause and issues a new notice to appear in cases which are not administratively final. *See Rodriguez–Munoz v. Gonzales,* 419 F.3d 245, 247 n. 4 (3d Cir.2005). As Da Silva

explains, in his case repapering would serve to change the date that would interrupt Da Silva's presence in the United States. Appellant's Br., 8 n.1. If the date were changed, he potentially would be eligible for cancellation of removal.

cess violation. *See Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir.2003).

For these reasons, we will deny the petition for review.