**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1065

_____

CARLOS ORTIZ,
                              Appellant

v.

RONNIE HOLT, Warden, USP Canaan;
S.I.S INVESTIGATION UNIT, USP Canaan

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 09-cv-01702)

District Judge:  Honorable Malcolm Muir

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 22, 2010

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: August 16, 2010 )

_____

OPINION

_____

PER CURIAM

Carlos Ortiz filed a petition pursuant to 28 U.S.C. § 2241 to protest the imposition

of sanctions against him, including the loss of good-time credits, after a prison

investigation and disciplinary hearing at USP – Canaan. He claimed that prison officials had violated his right to due process of law, as well as a federal regulation. The District Court denied Ortiz's petition, and Ortiz appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000). Upon review, we will affirm the District Court's decision.

Due process protections attach in prison disciplinary proceedings in which the loss of good-time credits is at stake. See Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974). In Wolff, the Supreme Court held that an inmate must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

In Hill, the Supreme Court further explained that to meet the minimum requirements of due process, the findings of the prison disciplinary board must also be supported by some evidence in the record. See id. The "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

Ortiz received the procedural protections set forth in Wolff. He received notice of the charges; an opportunity to present evidence and call witnesses; and he received the written statement that is in the record and describes the evidence on which the factfinder relied, as well as the reasons for the disciplinary action.

Ortiz also claimed that a federal regulation and his right to due process were violated because his hearing was not held within three days from the time prison personnel become aware of an incident warranting a hearing. Federal regulations provide that an initial hearing before a Unit Disciplinary Committee is ordinarily held within "three work days from the time staff became aware of the inmate's involvement in the incident." 28 C.F.R. § 541.15(b). The time limit may be extended for good cause shown and documented in the record. See id. at § 541.15(k). In this case, as the District Court explained, the documented reason for a delay was the need for a revision to the incident report. The regulation was not violated. Furthermore, Ortiz cannot show that his right to due process was violated by the delay where Wolff did not require that a hearing be held within three days (or a specific time frame) and where any delay in holding his hearing did not prejudice him. See Wilson v. Ashcroft, 350 F.3d 377, 380 (3d Cir. 2003).

The last issue is whether some evidence supported the imposition of sanctions. Upon reviewing the record, we conclude that the "some evidence" standard is met.[1] In

_____

[1]Ortiz states that the District Court should have reviewed the evidence *in camera* to determine whether it supported the prison disciplinary committee's conclusions. However, as we explained above, the District Court is not required to examine the entire

3

the record is the hearing officer's report, which quotes the relevant incident report. Although Ortiz maintains that the evidence against him was "non-existent and made up," Appellant's Brief 1, he did not dispute the existence of the incident report, see e.g., Petition 4. His objection that the report was based on hearsay does not change its validity as evidence against him. See Griffin v. Spratt, 969 F.2d 16, 22 (3d Cir. 1992) (noting that a decisionmaker may rely on hearsay in a prison disciplinary proceeding).

In the incident report, an investigating officer relied on the statements of other inmates and transactions in Ortiz's commissary account to determine that Ortiz possessed and sold full and partial grams of heroin in prison. The incident report also cited an investigation following the arrest of a prison visitor found to be carrying heroin; the investigation, based on interviews, inmate statements, and telephone recordings, revealed that the visitor was meeting with a person that Ortiz was using as a drug "mule" or "carrier." In addition, at his hearing Ortiz conceded that he had addressed an envelope that was found among the release paperwork of another inmate. The envelope contained a typed letter (of which Ortiz disavowed ownership) that requested 30 grams of heroin and was addressed to someone Ortiz described as a friend. The person carrying the letter when it was found stated that he had agreed to smuggle out the letter for another inmate. Furthermore, Ortiz did not deny that he received funds from other inmates (although he

---

record, independently assess the credibility of the witnesses, or weigh the evidence. See Hill, 472 U.S. at 455.

4

stated that he received money because he ran a store of sorts, not because he sold drugs). In short, despite Ortiz's claim to the contrary, "some evidence" supports the prison disciplinary committee's finding.

For these reasons, we conclude that the District Court properly ruled that Ortiz did not show that his right to due process of law or his rights under the relevant regulation were violated. We will affirm the District Court's judgment.